IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYNTHES (U.S.A.) and SYNTHES SPINE COMPANY, L.P., | : : : | CIVIL ACTION |
| Plaintiffs | : : | |
| v. | : : | |
| GLOBUS MEDICAL, INC., DAVID C. PAUL, and RICHARD A. KIENZLE, | : : : | NO. 04-CV-1235 |
| Defendants | : : | |

**MEMORANDUM**

Synthes (U.S.A.) and Synthes Spine Company, L.P. (collectively "Synthes" or "Plaintiff") filed this suit against competitor Globus Medical, Inc. and former Synthes' employees David Paul and Richard Kienzle (collectively "Globus" or "Defendants"), alleging, among other things, that Globus improperly used Synthes' confidential information, recruited Synthes' employees, and passed off Synthes' products as their own. Globus counterclaimed, claiming that Synthes used improper marketing techniques and made defamatory statements about Globus and its products in an effort to thwart Globus' growth in the spinal implant device industry. Synthes and Globus moved independently for Protective Orders, each seeking to file certain documents under seal. Pursuant to a temporary Order entered by the Honorable Legrome Davis, the parties have, almost without exception, been filing under seal since February 2005. Moreover, the parties

entered into a Confidentiality Agreement on October 20, 2004.  For the reasons set forth below, I will deny both Motions.

It is presumed that the public has a right to inspect and copy judicial records. Leucadia v. Applied Extrusion Tech., Inc., 998 F.2d 157, 161 (3d Cir. 1993).  Once a document is filed, a presumptive right of public access attaches to the filed document.  Id. Federal Rule of Civil Procedure 26(c) provides, however, that a protective order may be entered for good cause and where justice requires it, to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including "trade secret or other confidential research, development, or commercial information not to be disclosed or be disclosed only in a designated way.  FED. R.CIV P. 26(c)(7).[1]

The burden is on the moving party to show that the presumption of public access should be overcome.  Cipollone v. Ligget Group, 758 F.2d 1108, 1114 (3d Cir. 1986). The moving party must show "clearly defined and serious injury."  Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1073 (3d Cir. 1984).  Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning are not sufficient. Glenmede, 56 F.3d at 483.

---

[1]To determine whether "good cause" exists, a trial court may look to a number of factors, which are neither mandatory nor exhaustive, including (1) whether disclosure will violate any privacy interests; (2) whether disclosure of the information will cause a party embarrassment; (3) whether the party benefitting from the order of confidentiality is a public entity or official; and (4) whether the case involves issues important to the public.  See, e.g. Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995).  The ultimate decision of whether to issue a protective order lies with the discretion of the trial court.  Id.

Globus requests an extremely broad protective order, one that will seal all filings related to "confidential, proprietary, and trade secret information."[2] Globus argues that the Confidentiality Agreement currently in place is not sufficient to protect its interests because the result of a potential breach of that Agreement would be "devastating and irreparable." Though the allegations of harm are not specific, I find that because the underlying action involved confidential and proprietary information, Globus has alleged the potential for clearly defined and serious injury sufficient to warrant the entry of a protective order. Trade secrets and proprietary information are among the class of protected information contemplated by Rule 26(c) of the Federal Rules of Civil Procedure. FED. R.CIV. P. 26(c)(7); see also Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd., 529 F.Supp. 866, 901 (E.D.Pa. 1981). The question, then, is how broad a protective order is appropriate in these circumstances.

The Third Circuit has cautioned that a trial court should not "provide a shield to potential claims by entering broad protective orders that prevent public disclosure of relevant information." Glenmede, 56 F.3d at 485. Further, protective orders should be "narrowly drawn." Zenith Radio, 529 F.Supp. at 892.

I find that the Confidentiality Agreement, executed on October 20, 2004, adequately protects the interests of the parties while simultaneously addressing the

---

[2] It appears, from the documents filed under seal thus far, that the parties believe all filings in this case involve confidential, proprietary and trade secret information.

interest of public access to court filings. I am aware of Globus' concerns about Synthes' adherence to the constraints of the Confidentiality Agreement. However, as Globus correctly notes in its brief, the Confidentiality Agreement has the force of an Order, and Globus has an array of remedies available if it believes Synthes has violated the Agreement. I do not find that the possibility of violation of an Order warrants sealing the entire record.[3] An appropriate Order follows.

---

[3] I note that Synthes' Motion for Protective Order requests that all pleadings that refer to their ROI program be filed under seal. As a result of the Order issued by this court on September 14, 2005 striking all references to the ROI program and dismissing the claims related thereto, I will deny Synthes' Motion as moot. To the extent that Synthes requests further filings under seal, my reasoning in denying Globus' motion controls.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYNTHES (U.S.A.) and SYNTHES SPINE COMPANY, L.P., | : : : : : : : : : : : : : | CIVIL ACTION |
| Plaintiffs, | | |
| v. | | |
| GLOBUS MEDICAL, INC., DAVID C. PAUL, and RICHARD A. KIENZLE, | | NO. 04-CV-1235 |
| Defendants. | | |

**ORDER**

**AND NOW**, this      day of January, 2006, after consideration of Defendants' Motion for Protective Order (Dkt.# 52), and all responses thereto, it is hereby **ORDERED** that the Motion is **DENIED**.

It is further **ORDERED** that after consideration of Plaintiffs' Synthes (U.S.A.) and Synthes Spine Company, L.P's Motion for a Protective Order (Dkt. # 31), and all responses thereto, the Motion is **DENIED**.

The parties are directed to cease filing under seal as of the date of this Order. Confidential materials attached to filings shall be marked "Confidential" in accordance with paragraph seven (7) of the Confidentiality Agreement executed on October 20, 2004.

_____
Stengel, J.