IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYNTHES (U.S.A.), et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | |
| v. | : | NO. 04-1235 |
| | : | |
| GLOBUS MEDICAL, INC., et al., | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                          **March   21   , 2007**

The plaintiffs in this case have moved to strike the defendants' Second Amended Answer, claiming it was filed without leave of court or without the plaintiffs' written consent in violation of Federal Rule of Civil Procedure 15(a). For the following reasons, I will grant the motion in its entirety.

**I.   BACKGROUND**[1]

On July 18, 2006, after seeking leave of court, the plaintiffs filed their Third Amended Complaint for the sole purpose of adding a Computer Fraud and Abuse Act claim against a new defendant, former Synthes employee Lawrence Binder. The defendants filed their Answer to this Complaint on August 4, 2006. A couple of weeks later, the plaintiffs moved to strike certain of the defendants' affirmative defenses and to dismiss the defendants' counterclaims. On September 5, 2006, the defendants responded

---

[1] I write for the parties, who are familiar with the facts and procedural history of this case, and therefore include only the background information that is relevant to the disposition of this motion.

to that motion, and in addition, filed an Amended Answer to the plaintiffs' Third Amended Complaint which added an abuse of process counterclaim.

On September 20, 2006, the plaintiffs filed a reply brief in support of their motion. I granted the defendants leave to file a sur-reply, which they did on October 10, 2006. In addition to the sur-reply, however, the defendants filed a Second Amended Answer without leave of court and without the plaintiffs' consent. This pleading is identical to the defendants' first Amended Answer, with the exception of an additional 29 paragraphs of allegations in support of their "abuse of process" counterclaim. The plaintiffs have moved that this pleading be stricken in its entirety as a violation of the Federal Rules of Civil Procedure.

**II.   DISCUSSION**

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading *once* as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." See FED.R.CIV.P. 15(a) (emphasis added).

Thus, the defendants did not require leave of court or the written consent of the plaintiffs to file the Amended Answer on September 5, 2006 because the plaintiffs had not yet filed a responsive pleading to the defendants' earlier Answer. However, having expended their one amendment provided by Rule 15(a), the defendants were required to

2

seek leave of court or to obtain the written consent of the plaintiffs before they filed their Second Amended Answer on October 10, 2006. I find that because the defendants failed to do so, their Second Amended Answer was improperly filed.

Although they do not concede that the pleading violates Rule 15(a),[2] the defendants ask in the alternative that I consider granting them leave to amend their Answer for this second time. While Rule 15(a) provides that leave to amend should be "freely given," I have discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith, or dilatory motives; (2) the amendment would be futile; or (3) the amendment would prejudice the other party. Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005). Leave to amend, therefore, is generally granted unless the underlying circumstances of a particular case render amendment inappropriate. Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). The Third Circuit Court of Appeals has repeatedly recognized that prejudice to the non-moving party is the touchstone for the denial of an amendment. Id. Ultimately, however, the Third Circuit has left the decision of whether to grant or deny a motion for leave to amend within the sound discretion of the district court. Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272 (3d Cir. 2001).

---

[2] The defendants argue that leave was not required because the plaintiffs had not yet filed a responsive pleading to the defendants' first Amended Answer. Rule 15(a) clearly states, however, that a party may amend its pleading *once* as a matter of course before a responsive pleading is filed.

Delay alone is insufficient to justify denying a party's motion for leave to amend its pleading. Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984). Undue delay, by contrast, is a sufficient basis for a district court's decision to deny leave to amend. See Foman v. Davis, 371 U.S. at 182. Delay becomes "undue" when it places an "unwarranted burden on the court." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d at 273 (quoting Adams v. Gould, Inc., 739 F.2d at 868). In particular, a district court may deny leave to amend a pleading where the moving party has: (1) failed to utilize previous opportunities to amend; and (2) has not offered any explanation for this failure. Id. (the question of undue delay requires that courts focus on the moving party's reasons for not amending sooner).

Globus has failed to utilize its previous opportunities to amend. As discussed above, Globus properly filed an Amended Answer on September 5, 2006. Thirty-five days later, Globus filed a Second Amended Answer without leave of court and without the written consent of the plaintiffs. Globus offers no explanation of why the newly-added allegations were not and could not have been included in the first Amended Answer, especially when Globus has known of the alleged facts in the latest abuse of process counterclaim for at least a year, and definitely since the filing of their original Answer and Counterclaims.

I will grant the motion to strike the defendants' Second Amended Answer as improperly filed, and deny Globus' request to amend. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SYNTHES (U.S.A.) and** | : | **CIVIL ACTION** |
| **SYNTHES SPINE COMPANY, L.P.** | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | NO. 04-1235 |
| | : | |
| **GLOBUS MEDICAL, INC., et al.** | : | |
| **Defendants** | : | |

## O R D E R

**STENGEL, J.**

**AND NOW**, this   21st   day of March, 2007, upon consideration of the plaintiffs' motion to strike the defendants' Second Amended Answer and Counterclaims (Document #160), the defendants' response thereto (Document #168), and after a hearing on the motion with all parties present, it is hereby ORDERED that the motion is GRANTED.

BY THE COURT:


/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.