IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYNTHES (U.S.A.), et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | |
| v. | : | NO. 04-1235 |
| | : | |
| GLOBUS MEDICAL, INC., et al., | : | |
| Defendants | : | |

M E M O R A N D U M

STENGEL, J.                                                                 May 30, 2007

The defendants in this case have moved to compel the plaintiffs to provide

responsive answers to discovery requests concerning the plaintiffs' disbanded Return On

Investment ("ROI") program.  For the following reasons, I will grant the motion in its

entirety.[1]

After several extensions, discovery in this case was completed on February 7,

2007.  Beginning in October 2004, the defendants began to request that the plaintiffs

provide certain information concerning the ROI program.  The plaintiffs continued to

object, claiming that the information was irrelevant, and that the discovery was unlikely

to lead to relevant admissible evidence.  In August 2006, the plaintiffs moved for the

dismissal of the affirmative defenses which related to the ROI program.  In a

Memorandum dated March 29, 2007, well over a month after the close of discovery, I

_____

[1] I write for the parties, who are familiar with the facts and procedural history of
this case, and therefore include only the background information that is relevant to the
disposition of this motion.

struck two affirmative defenses which related to the ROI program, but allowed a third[2] ROI-related affirmative defense to remain in the case because, unlike those I struck, it did not refer to the ROI program as violative of federal and/or state law.  Until then, neither party knew whether the ROI program would remain in the case as an affirmative defense. Accordingly, counsel for the defendants immediately contacted counsel for the plaintiffs requesting that the plaintiffs provide substantive responses to the discovery requests to which the plaintiffs had previously objected.  The plaintiffs again refused, and the defendants filed this motion to compel.

The plaintiffs insist that this motion is inexcusably untimely; that granting it would force an unwarranted avalanche of "expedited" discovery and a postponement of the trial date; and that they had no duty to supplement.  I disagree.

First, the defendants contacted the plaintiffs promptly upon realizing that the ROI program would remain in the case, and filed the motion to compel within five business days of the Memorandum.  That the Memorandum allowing the affirmative defense to remain was issued after the close of discovery should not prejudice the defendants in attempting to defend the allegations brought against them.  Further, the more than seven weeks which remain before the trial is sufficient to conduct the limited discovery

---

[2]  The defendants' fifty-third affirmative defense: "Synthes' alleged losses were directly and proximately caused by factors unrelated to Globus or any of the allegations against Globus, which factors include, but are not limited to, the alleged discontinuation of the Return on Investment program in or about February 2003, market forces, and/or Synthes' own actions and business strategies."

requested.  Thus, I will not deny the motion as untimely under these circumstances.

Second, as the plaintiffs point out, our Rules of Civil Procedure only contemplate the supplementation of incomplete or incorrect answers, not objections.  See FED.R.CIV.P. 26(e).  The plaintiffs contend that because they objected rather than answered, they have no duty to supplement.  However, the plaintiffs' relevancy objections have been, in effect, overruled by my March 2007 Memorandum.  Thus, the defendants' discovery requests remain unanswered.  Information regarding the ROI program is relevant to the defendants who must attempt to demonstrate that factors other than their actions caused the "actual damages, including both Synthes' actual loss caused by Globus' 'passing off' and the unjust enrichment caused by the 'passing off,'" as claimed in the plaintiffs' Third Amended Complaint.  Because this information is relevant, it is subject to discovery.

Finally, the defendants demonstrated that the plaintiffs had repeatedly represented that they would not produce discovery regarding the ROI program until the court ruled on the subject.  The defendants quoted portions of a deposition transcript where Synthes' counsel forbade a deponent to answer questions about ROI until the court decided the ROI issue.  Synthes suggests that reliance upon the quoted transcript is misplaced because it was from a November 2004 deposition, well before the ROI affirmative defenses entered the case.  Nevertheless, the defendants cited three other more recent instances where Synthes' counsel mentions reconvening depositions should their motion regarding

the ROI issue be denied.[3]  Thus, it would seem that further discovery regarding the ROI

program was in fact recently anticipated by the parties.  I will grant the motion in its

entirety.

An appropriate Order follows.

---

[3] On January 5, 2007, Synthes' counsel stated, "this deposition will be reconvened in the event and only in the event that the judge denies the motion to dismiss that is currently pending before it as it relates to what the defendant calls the ROI issue."  On December 22, 2006, counsel agreed, "it's the agreement of all counsel the only way that this witness will be recalled . . . would be if the court – if the court denies the currently pending motion concerning what the lawyers are – at least the lawyers for the defendants are calling the ROI issue."  On January 24, 2007, Synthes' counsel also reserved the right to recall Michael Will, presumably if the court were to deny the motion.  While I granted the motion concerning two of the ROI affirmative defenses, I specifically permitted a third ROI affirmative defense to remain, as discussed above.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYNTHES (U.S.A.) and | : | CIVIL ACTION |
| SYNTHES SPINE COMPANY, L.P. | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | NO. 04-1235 |
| | : | |
| GLOBUS MEDICAL, INC., et al. | : | |
| **Defendants** | : | |

**O R D E R**

**STENGEL, J.**

**AND NOW**, this   30th       day of May, 2007, upon consideration of the defendants'

motion to compel (Document #189), the plaintiffs' response thereto (Document #190), the

defendants' proposed reply brief (Exhibit A of Document #192), and the plaintiffs' response

thereto (Document #194), it is hereby ORDERED that the motion is GRANTED.

IT IS FURTHER ORDERED that:

1.	The plaintiffs shall provide full and complete responses to the defendants'
requests for discovery concerning the Return On Investment program.  These
responses shall be limited to information and documents stored on the
office hard drives of the eight individuals who were issued subpoenas in
March 2006; and shall be limited to the period between January 2002 and
March 2003.

2.	The plaintiffs shall produce the following witnesses to be re-deposed:  Hans
Wyss, Thomas Higgins, Michael Huggins, Michael Will, Kosta Kobakof, Terry
Corbin, Ali Sadegh, Richard Gering, and a Rule 30(b)(6) designee who will testify
on behalf of Synthes.  These depositions shall last for no more than one hour each
and shall be limited to questions regarding the Return On Investment program.

BY THE COURT:

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.