# UNITED STATES DISTRICT COURT FOR

# THE EASTERN DISTRICT OF PENNSYLVANIA

SYNTHES (U.S.A.), et al.,                      :
                                               :
            Plaintiffs,                         :          CIVIL ACTION NO. 04-CV-1235
     v.                                        :
                                               :          JUDGE LAWRENCE F. STENGEL
GLOBUS MEDICAL, INC., et al.,                  :
                                               :
            Defendants.                         :

## **DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

John P. McShea
Frederick A. Tecce
**McSHEA TECCE, P.C.**
The Bell Atlantic Tower, 28th Floor
1717 Arch Street
Philadelphia, PA 19103
(215) 599-0800
(215) 599-0888 (facsimile)

Counsel for Defendants,
Globus Medical, Inc., David C. Paul,
Richard A. Kienzle, and Lawrence Binder

# TABLE OF CONTENTS

General Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Preliminary Charges . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Globus' Proposed Jury Instructions:

1.   Judgment as a Matter of Law Against Plaintiffs . . . . . . . . . . . . . . . . . . . . . . . . . 4

2.   Synthes' Lanham Act Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

3.   Element of a Civil Action Pursuant to 15 U.S.C. § 1125(a)
     For False Designation of Origin . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

4.   "Implied Reverse Passing Off" - Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

5.   Origin of Product Element . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

6.   Origin of Product - Modification . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

7.   Scratching Off Identifying Marks Element . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

8.   Sale of Unbranded Product Element . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

9.   Secondary Meaning Limitation on All Types of Reverse12
     Passing Off Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

10.  Secondary Meaning Factors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

11.  Likelihood of Confusion Requirement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

12.  Likelihood of Confusion Factors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

13.  Synthes' Burden to Prove Harm to Synthes as an Element
     Of its Lanham Act Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

14.  Measure of Lanham Act Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

15.  No Willful Infringement - Equitable Factor . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

16.  Synthes' Trade Secrets Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

17.   Elements of Misappropriation of Trade Secrets Claim . . . . . . . . . . . . . . . . . . . . 22

18.   "Property View" of Trade Secrets . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

19.   Trade Secret Defined . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

20.   General Knowledge in Industry is Not a Trade Secret . . . . . . . . . . . . . . . . . . . 25

21.   Employee's "Know-How" Is Not a Trade Secret  . . . . . . . . . . . . . . . . . . . . . . . 26

22.   Employee's Aptitude and Subjective Knowledge Are
      Not Trade Secrets . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

23.   Employee's Problem Solving and Mistakes to Be Avoided
      Are Not Trade Secrets . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

24.   Employees' Personal Business Contacts Are Not Trade Secrets . . . . . . . . . . . . 29

25.   Types of Information Are Not a Trade Secret . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

26.   No Trade Secret - Public Disclosures  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

27.   No Trade Secret in Certain Aspects of Former Employer's
      Business . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

28.   No Trade Secret in Information Already Possessed by
      Third-Party Vendors  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

29.   Import of Inspection of Sold Articles or Reverse Engineering
      on Trade Secret Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

30.   Plaintiff's Burden to Disprove Susceptibility to Reverse
      Engineering  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

31.   Existence of a Trade Secret - Factors to be Considered . . . . . . . . . . . . . . . . . . 36

32.   Existence of a Trade Secret - Competitive Advantage  . . . . . . . . . . . . . . . . . . . 37

33.   Communication of the Trade Secret  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

34.   Misappropriation of Trade Secrets - Use or Disclosure . . . . . . . . . . . . . . . . . . 39

35.  Misappropriation of Trade Secrets - Independent
     Development of Burden of Proof . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

36.  Independent Development Assessment - Superficial
     Similarity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

37.  Misappropriation of Trade Secrets - Assessment of Harm  . . . . . . . . . . . . . . . 42

38.  Misappropriation of Trade Secrets - Damages . . . . . . . . . . . . . . . . . . . . . . . . . . 43

39.  Measure of Damages for Misappropriation of Trade Secrets  . . . . . . . . . . . . . . 45

40.  Measure of Damages for Misappropriation of Trade Secrets -
     No Double Recovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

41.  Purpose of Damages for Misappropriation of Trade
     Secrets . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

42.  Measure of Damages for Misappropriation of Trade
     Secrets - Plaintiff's Loss . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

43.  Damages for Misappropriation of Trade Secrets -
     Accounting Period for Defendant's Profits . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

44.  Synthes' Breach of Contract Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

45.  What is a Contract . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

46.  Consideration Definition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

47.  Contracts Containing Covenant in Restrain of Trade -
     Protection of Legitimate Business Interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

48.  Consideration - Necessary at Inception of Employment . . . . . . . . . . . . . . . . . . 55

49.  Paul's Agreement - Consideration Issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56

50.  Kienzle's Agreements - Consideration Issue
     (October 20, 1998 Agreements) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

51.  Kienzle's Agreements - Validity of Vice Presidents
     and Executives' Non-Competition Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . 58

52.    Kienzle's Non-Competition Agreements -
       Unreasonable Issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

53.    Valid and Enforceable Contract Requirement . . . . . . . . . . . . . . . . . . . . . . . . . . 60

54.    Elements of a Breach of Contract Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

55.    Breach of Contract - Generally . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62

56.    Effect of Breach - Materiality . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

57.    No Breach of Contract When Information is Obtained
       by Legitimate Means . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64

58.    Breach of Contract - Factual Cause . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65

59.    Breach of Contract Damages - Measurement Generally . . . . . . . . . . . . . . . . . . 66

60.    Damages - Expectation Interest - Lost Benefit of the
       Bargain . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 67

61.    Breach of Contract - Expectation Damages . . . . . . . . . . . . . . . . . . . . . . . . . . 68

62.    Calculation of Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 69

63.    Nominal Damages for Breach of Contract . . . . . . . . . . . . . . . . . . . . . . . . . . . 70

64.    Mitigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

65.    Synthes' Tortious Interference With Contract Claim . . . . . . . . . . . . . . . . . . . . . 73

66.    Elements of Tortious Interference With Contract Claim . . . . . . . . . . . . . . . . . . 74

67.    Tortious Interference With Contract - Threshold
       Contract Issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 76

68.    Tortious Interference With Contract - Threshold Contract
       Issue - Kienzle . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 77

69.    Tortious Interference With Contract - Threshold Contract
       Issue - Rhoda . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 78

70. Tortious Interference With Contract - Threshold Contract
    Issue - Boyer ................................................. 79

71. Tortious Interference With Contract - Synthes' Burden to Show
    Globus' Conduct Was Improper and Without Privilege or
    Justification ................................................ 80

72. Tortious Interference With Contract - Intent to Cripple
    And Destroy ................................................. 82

73. Tortious Interference With Contract - Proper or Privileged
    Conduct - "Rules of the Game" Analysis ...................... 84

74. Synthes' Burden to Show Globus' Conduct Was Improper
    And Without Privilege or Justification - Relationship Between
    The Parties ................................................. 85

75. Synthes' Burden to Show the Occasioning of Actual
    Legal Damage ............................................... 86

76. Damages - Intentional Interference with Contractual Relations ... 87

77. Synthes' Burden to Prove Pecuniary Loss ..................... 88

78. Synthes' Common Law Unfair Competition Claim Against Globus ... 89

79. Common Law Unfair Competition Elements ..................... 90

80. Common Law Unfair Competition - Freedom to Compete
    Elements ................................................... 91

81. Raiding Key Employees - Essential Elements ................. 92

82. Common Law Unfair Competition - Award of Damages .......... 95

83. Synthes' Breach of Fiduciary Duty Claim .................... 96

84. Breach of Fiduciary Duty - Elements of the Cause of Action .... 97

85. Fiduciary Duty Exists While Employed With a Particular
    Employer ................................................... 99

86. Breach of Fiduciary Duty - Preparations to Compete are Lawful ... 100

-v-

87.     Breach of Fiduciary Duty - Injury Suffered by the Breach . . . . . . . . . . . . . . . 101

88.     Breach of Fiduciary Duty - Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 102

89.     Synthes' Claim for Aiding and Abetting Breach of Fiduciary
        Duty . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 103

90.     Elements of an Aiding and Abetting Breach of Fiduciary
        Duty Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 105

91.     Aiding and Abetting Breach of Fiduciary Duty -
        Is a Derivative Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 106

92.     Aiding and Abetting Breach of Fiduciary Duty - Damages . . . . . . . . . . . . . . . 107

93.     Synthes' Civil Conspiracy Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 108

94.     Elements of Civil Conspiracy Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 109

95.     Civil Conspiracy Burden of Proof . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 110

96.     Civil Conspiracy - Intent and Awareness Requirements . . . . . . . . . . . . . . . . 111

97.     Civil Conspiracy - Malice Requirement . . . . . . . . . . . . . . . . . . . . . . . . . . . . 112

98.     Civil Conspiracy - Overt Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 113

99.     Civil Conspiracy - Underlying Tort Predicate . . . . . . . . . . . . . . . . . . . . . . . . 114

100.    Civil Conspiracy - Corporation Cannot Conspire With Itself . . . . . . . . . . . . . 115

101.    Civil Conspiracy - Actual Legal Damages . . . . . . . . . . . . . . . . . . . . . . . . . . 116

102.    Synthes' CFAA Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 117

103.    CFAA - Statute of Limitations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 118

104.    CFAA - Statute of Limitations - Federal Discovery Rule . . . . . . . . . . . . . . . . 119

105.    CFAA - Statute of Limitations Expiration . . . . . . . . . . . . . . . . . . . . . . . . . . . 120

106.    Elements of Synthes' CFAA Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 121

107.   CFAA Claim - No Vicarious Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 122

108.   CFAA Claim - Authorized Access  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 123

109.   CFAA claim - Intent to Defraud  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 124

110.   CFAA Claim - Confidential and Proprietary Information of Synthes . . . . . . . . 125

111.   Elements of Synthes' CFAA Claim - Loss Required . . . . . . . . . . . . . . . . . . . . . 126

112.   Elements of Synthes' CFAA Claim - Loss Defined  . . . . . . . . . . . . . . . . . . . . . 127

113.   CFAA Claim - Loss Must be Related to the Computer . . . . . . . . . . . . . . . . . . . 128

114.   CFAA Claim - Dollar Amount of Loss . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 129

115.   Punitive Damages - Amount of Award . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 130

116.   No Harm, Injury or Loss to Synthes - Adverse Inference . . . . . . . . . . . . . . . . 131

117.   Declaratory Judgment Verdict . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 133

## General Statement

Defendants and Counterclaim Plaintiffs, Globus Medical, Inc. ("Globus"), David C. Paul ("Paul"), Richard A. Kienzle ("Kienzle"), and Lawrence Binder ("Binder") (sometimes collectively called, "Globus," or "Defendants") respectfully submit the following Proposed Jury Instructions and reserve the right to modify, delete and/or supplement their Proposed Jury Instructions at any time prior to the actual charge to the jury.

Respectfully submitted,

Date: July 17, 2007

_/s/ Frederick A. Tecce_
John P. McShea
Frederick A. Tecce
**McSHEA TECCE, P.C.**
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, PA 19103
(215) 599-0800

Attorneys for Defendants

## **Preliminary Charges**

Defendants request that the Court charge the jury about the unanimous jury verdict requirement of Federal Rule of Civil Procedure 48 and with the following standard jury instructions from 3 O'Malley, Grenig, Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (5th ed. 2000):[1]

- Opening Instructions, § 101.01 (pages 14-16);

- Order of the Trial, § 101.02 (pages 23-24);

- Province of the Judge and Jury, § 101.10 (page 26);

- Jury Conduct, § 101.11 (pages 28-29);

- Evidence in the Case § 101.40 (pages 48-49);

- Burden of Proof, §101.41 (pages 52-53);

- "Direct" and "Circumstantial" Evidence - Defined, § 101.42 (before trial) (page 54);

- Credibility of Witnesses, § 101.43 (page 56);

- What is Not Evidence, § 101.44 (page 60);

- General Introduction, § 103.01 (pages 106-107);

- All Persons Equal Before the Law - Organizations, § 103.12 (page 117);

- Evidence in the Case, § 103.30 (pages 121-122);

- Consideration of the Evidence - Corporate Party's Agents and Employees, § 103.31 (page 125);

---

[1]    The former edition of this publication was authored by Devitt, Blackmar & Wolff. *See* FEDERAL JURY PRACTICE AND INSTRUCTIONS (4th ed. 1987).

Pursuant to this Court's procedures concerning model jury instructions, where model jury instructions are used in Defendants' Proposed Jury Instructions, deletions to the model charge are in brackets and additions are underlined.

- Preponderance of the Evidence, § 104.01 (page 135);

- Burden of Proof Where Some Jurors Have Served in Jury in Criminal Case, § 104.03 (page 143);

- "If You Find" or "If You Decide," § 104.04 (page 144);

- "Direct" and "Circumstantial" Evidence - Defined, § 104.05 (post-closings) (page 144);

- Inferences Defined, § 104.20 (page 146);

- Failure to Call Available Witnesses, § 104.25 (page 149);

- Failure to Produce Available Evidence, § 104.26 (page 150);

- Expert Witness, § 104.40 (pages 151-152);

- Number of Witness, § 104.54 (pages 157-158);

- Requests for Admission, § 104.70 (page 158);

- Answers to Interrogatories, § 104.72 (pages 159-160);

- Discrepancies in Testimony, § 105.01 (pages 161-162);

- Use of Depositions as Evidence, § 105.02 (page 167);

- Impeachment - Inconsistent Statements or Conduct, § 105.04 (pages 168-169);

- Effect of Prior Inconsistent Statements or Conduct § 105.09 (pages 174-175);

- All Available Witnesses or Evidence Need Not Be Produced, § 105.11 (page 177); and

- Effect of Instruction as to Damages, § 106.02 (page 186).

**Proposed Instruction:**
Given          _____
Modified       _____
Refused        _____                    -3-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 1.**

### Judgment as a Matter of Law Against Plaintiffs

Under the law, and based on all of the evidence, your verdict must be in favor of Defendants and against the plaintiffs, Synthes (U.S.A.) and Synthes Spine Company, L.P. (sometimes together called "Synthes" or "Plaintiffs"), as to Counts I-X of Synthes' Third Amended Complaint.

Authority: FED. R. CIV. P. 50.

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                    -4-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 2.**

<u>**Synthes' Lanham Act Claim**</u>

Synthes asserts a claim against Globus under the Lanham Act, 15 U.S.C. § 1125(a), for Globus' alleged acts of "passing off" certain of Synthes' instruments as Globus' own.  Globus denies that it passed off any Synthes' instruments as its own or that it violated the Lanham Act.

Globus asserts that the particular type of claim Synthes is asserting for "implied reverse" passing off is not a recognized action under the Lanham Act.  As such, Globus preserves its right to submit additional jury instructions on this claim.

<u>Authority</u>: Synthes' Third Amended Complaint ¶¶ 51-58; Globus' Answer to Synthes Third Amended Complaint ¶¶ 51-58 and 15th Affirmative Defense.

**Proposed Instruction:**
Given          _____
Modified       _____
Refused        _____                         -5-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 3.**

**Elements of a Civil Action Pursuant to**
**15 U.S.C. § 1125(a)  For False Designation of Origin**

The Lanham Act provision provides:

"(a)   Civil action

(1)   Any person who, on or in connection with any goods or services, or any container

for goods, uses in commerce any word, term, name, symbol, or device, or any

combination thereof, or any false designation of origin, false or misleading

description of fact, or false or misleading representation of fact, which -

(A)   is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation,

connection, or association of such person with another person, or as to the origin,

sponsorship, or approval of his or her goods, services, or commercial activities by

another person[.]"

Authority:  15 U.S.C. § 1125(a)(1)(A).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                           -6-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 4.**

### "Implied Reverse Passing Off" - Elements

In order for Synthes to succeed on its Lanham Act claim, Synthes must prove by a preponderance of the evidence the following elements: (1) the instruments at issue originated with Synthes; (2) Globus scratched off Synthes' identifying marks on instruments that originated with Synthes; (3) Globus sold those instruments unbranded, meaning without a Globus logo or a Globus identifying mark; (4) Synthes instruments had acquired "secondary meaning"; (5) Globus' alleged conduct was likely to cause consumer confusion; and (6) Synthes suffered a harm as a direct and proximate result of Globus' alleged conduct.

If you find that Synthes did not prove any one of these elements, then you must enter a verdict in favor of Globus on Synthes' Lanham Act claim.

Authority:  *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 31-33 (2003); *Lipton v. Nature Co.*, 71 F.3d 464, 473 (2d Cir. 1995); *Fundamental Too, Ltd. v. Universal Music Gr., Inc. MCA, Inc.*, No. 97-CV-1595, 1997 WL 381608, *4 (E.D. Pa. Jul. 8, 1997); *accord Bretford Mfg., Inc. v. Smith Sys. Mfg. Co.*, 286 F. Supp. 2d 969, 971 (N.D. Ill. 2003), *aff'd*, 419 F.3d 576 (7th Cir. 2005).

**Proposed Instruction:**
Given      _____
Modified   _____
Refused    _____                    -7-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 5.**

<u>**Origin of Product Element**</u>

Synthes must prove by a preponderance of the evidence that the instruments allegedly "passed off" by Globus "originated" with Synthes.  This means that those instruments were produced by Synthes or that Synthes "stands behind" their production.

If you find that Synthes has failed to prove that the instruments at issue were those that actually originated with Synthes, and were not the instruments of some other company, then you must find in favor of Globus on the Lanham Act claim.

<u>Authority</u>: *Dastar Corp. v. Twentieth Century Fox Film corp.*, 539 U.S. 23, 32-33 (2003); *Bretford Mfg., Inc. v. Smith Sys. Mfg. Corp.*, 419 F.3d 576, 581 (7th Cir. 2005); *CMSI, Inc. v. Pacific Cycle, Inc.*, No. C06-488-JLR, 2006 WL 2942794, *5 (W.D. Wash. 2006)).

**Proposed Instruction:**
Given          _____
Modified     _____
Refused      _____                    -8-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 6.**

<u>Origin of Product - Modification</u>

Additionally, keep in mind that it is not unlawful for someone to take a product produced by someone else, modify that product and then sell the product as his own.  This is because the law provides that the modifier of the product is then deemed to be the "originator" of the modified product.

<u>Authority</u>: *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 32-33 (2003); *Bretford Mfg., Inc. v. Smith Sys. Mfg. Corp.*, 419 F.3d 576, 581 (7th Cir. 2005); *accord., CMSI, Inc. v. Pacific Cycle, Inc.,*, No. C06-488 JLR, 2006 WL 2942794, *5 (W.D. Wash. 2006).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                    -9-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 7.**

**<u>Scratching Off Identifying Marks Element</u>**

Synthes must prove by a preponderance of the evidence that Globus was responsible for scratching off identifying marks on the instruments Synthes claims Globus "passed off" as its own.

If Synthes has failed to meet this burden, then you must find in favor of Globus on the Lanham Act claim.

<u>Authority</u>: *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 31-33 (2003); *Lipton v. Nature Co.*, 71 F.3d 464, 473 (2d Cir. 1995); *Bretford Mfg., Inc. v. Smith Sys. Mfg. Co.*, 286 F. Supp. 2d 969, 971 (N.D. Ill. 2003), *aff'd*, 419 F.3d 576 (7th Cir. 2005).

**Proposed Instruction:**
Given      _____
Modified   _____
Refused    _____                          -10-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 8.**

<u>Sale of Unbranded Product Element</u>

If you find that Synthes has proved the first two elements of an "implied reverse passing off" claim, then Synthes must prove by a preponderance of the evidence that Globus sold the instruments that Synthes alleges Globus "passed off" as Globus' own in an unbranded condition. In other words, Synthes must prove that Globus sold those instruments to others without any identifying logo or mark.

If you find that Synthes has failed to prove that Globus sold any of the instruments that Globus allegedly "passed off" as Globus' own, then you must find in favor of Globus on the Lanham Act claim.

<u>Authority:</u> *Fundamental Too, Ltd. v. Universal Music Gr., Inc. MCA, Inc.*, No. 97-CV-1595, 1997 WL 381608, *4 (E.D. Pa. Jul. 8, 1997); *accord Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 31-33 (2003); *Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 648, 651 (D. Del. 2006); *CMSI, Inc. v. Pacific Cycle, Inc.*, No. C06-488 JLR, 2006 WL 2942794, *2 (W.D. Wash. Sept. 15, 2006); *Bretford Mfg., Inc. v. Smith Sys. Mfg. Co.*, 286 F. Supp. 2d 969, 971 (N.D. Ill. 2003), *aff'd*, 419 F.3d 576 (7th Cir. 2005); 4 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 25:4 at 25-12 (4th ed. 2007); *Id.* § 25:8 at 25-19.

**Proposed Instruction:**
Given    _____
Modified   _____
Refused   _____       -11-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 9.**

### Secondary Meaning Limitation on All Types of Reverse Passing Off Claims

To prevail on its "implied reverse passing off" claim against Globus, Synthes also must prove by a preponderance of the evidence that its instruments at issue have acquired secondary meaning.

A product acquires "secondary meaning," and thus becomes potentially eligible for protection under the Lanham Act, if the configuration or design of the product "identif[ies] the source of the product rather than the product itself."

If you find that Synthes has not proven this element by a preponderance of the evidence, then you must find in favor of Globus on the Lanham Act claim.


Authority: *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 36 (2003); *Wal-Mart Stores Inc. v. Samara Bros*, 529 U.S. 205, 211-14 (2002); *Bretford Mfg., Inc. v. Smith Sys. Mfg. Co.*, 419 F.3d 576, 580 (7th Cir. 2005); *Impreglon, Inc. v. Newco Enters., Inc.*, No. 05-CV-2563, slip op., 2007 WL 1020834, *15 & n.18 (N.D. Ga. Mar. 30, 2007); CMSI, *Inc. v. Pacific Cycle, Inc.*, No. C06-488 JLR, 2006 WL 2942794, *4 n.1 (W.D. Wash. Sept. 15, 2006).


**Proposed Instruction:**
Given      _____
Modified   _____
Refused    _____                    -12-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 10.**

**<u>Secondary Meaning Factors</u>**

Factors relevant to an assessment of "secondary meaning" in this type of case include a consideration of:

(1)   a plaintiff's advertising expenditures, measured primarily with regard to those advertisements which highlight the supposedly distinctive, identifying feature;

(2)   consumer surveys linking the distinctive product configuration to a particular, single source (although the identity of source need not be known); and

(3)   length and exclusivity of use.

If you find after an assessment of these factors that Synthes has failed to prove by a preponderance of the evidence that its instruments at issue have not acquired secondary meaning, because Synthes failed to prove the configuration or design of the instruments themselves signaled that they originated from Synthes, then you must find in favor of Globus on Synthes' Lanham Act claim.

<u>Authority</u>: *Duraco Prods., Inc. v. Joy Plastic Enters., Ltd.,*

40 F.3d 1431, 1452-53 (3d Cir. 1994).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____              -13-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 11.**

<u>**Likelihood of Confusion Requirement**</u>

In order to prevail on its Lanham Act claim for "implied reverse passing off," Synthes must prove by a preponderance of the evidence that any alleged false designation of origin of the instrument at issue by Globus created a likelihood of consumer confusion as to the source of those instruments.  This is because "[t]he essential element ...under the Lanham Act is that the alleged infringement creates a likelihood of confusion on the part of consumers as to the source of the goods."  Therefore, if you do not find that customers are likely to be confused as to the source of the instrument when they purchase it, you must find in favor of Globus

Additionally, if you find that Synthes' products are sold directly from Synthes to the purchasers through Synthes sales representatives then there is no opportunity for such purchasers to be confused in their purchasing decision, and you must find in favor of Globus on the Lanham Act claim.

<u>Authority</u>: *Versa Prods. Co., Inc. v. Bifold Co. (Mfg.) Ltd.*, 50 F.3d 189, 210 (3d. Cir.), *cert. denied*, 516 U.S. 808 (1995); *Parker v. Google, Inc.*, 422 F. Supp. 2d 492, 502 (E.D. Pa. 2006); *accord McNeil Nutritionals, LLC v. Heartland Sweeteners LLC*, No. 06-CV-5336, slip op., 2007

**Proposed Instruction:**
Given        _____
Modified    _____
Refused     _____                                -14-

WL 1520101, *9 (E.D. Pa. May 21, 2007); *Bretford Mfg., Inc. v. Smith Sys. Mfg. Co.*, 419 F.3d

576, 579-80 (7th Cir. 2005); *Lipton v. Nature Co.*, 71 F.3d 464, 473 (2d Cir. 1995); *Waterfall*

*Farm Sys., Inc. v. Craig*, 914 F. Supp. 1213, 1226-27 (D. Md. 1995).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                    -15-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 12.**

<u>Likelihood of Confusion Factors</u>

The following factors may be used to determine the likelihood of consumer confusion in

a Lanham Act case:

(1)   the degree of similarity between the owner's trade dress and the alleged infringing trade dress;

(2)   the strength of the owner's trade dress, meaning

(3)   the price of goods and other factors indicative of the care and attention expected of consumers when making a purchase;

(4)   the length of time the defendant has used the trade dress without evidence of actual confusion arising;

(5)   the intent of the defendant in adopting the trade dress;

(6)   the evidence of actual confusion;

(7)   whether the goods are marketed through the same channels of trade and advertised through the same media;

(8)   the extent to which the parties' sales efforts are the same;

(9)   the relationship of the goods in the minds of consumers because of the similarity of function; and

(10)  other factors suggesting that the consuming public might expect the prior owner to manufacture a product in the defendant's market, or that he is likely to expand into that market.

A trade dress is the non-functional physical detail and design of a product or its

packaging which identifies the product's source and distinguishes it from the products of others.

Non-functional means not essential to the use or purpose of the product.  A trade dress can

include color schemes, designs, graphics and shapes of products.

-16-

Keep in mind that all of the factors we just discussed may not be relevant in this particular case.  You should consider only those factors that seem appropriate to this case.

If you find that Synthes has not proven likelihood of consumer confusion by a preponderance of the evidence, then you must find in favor for Globus on the Lanham Act claim.

Authority:  *McNeil Nutritionals, LLC v. Heartland Sweeteners LLC*, No. 06-CV-5336, slip op., 2007 WL 1520101, *9 (E.D. Pa. May 21, 2007) (citing *Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460, 463 (3d Cir. 1983)); *see also Inwood Labs. v. Ives Labs.*, 456 U.S. 844, 850, n.10 (1982).

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 13.**

### Synthes' Burden to Prove Harm to Synthes as an Element of its Lanham Act Claim

If you find that Synthes has satisfied all of the elements that I have just discussed, then

Synthes also must prove by a preponderance of the evidence that the alleged Lanham Act

violations by Globus were the direct and proximate cause of harm or actual damage to Synthes.

If you find that Synthes has not proven it suffered such harm by a preponderance of the

evidence, then you must find in favor for Globus on the Lanham Act claim.


Authority:  *LabWare, Inc. v. Thermo Labsys., Inc.*, No. 04-CV-2545, 2005 WL 1541028, *9

(E.D. Pa. Jun. 29, 2005); *Synygy, Inc. v. Scott-Levin, Inc.*, 51 F. Supp. 2d 570, 575 (E.D. Pa.

1999) (citing 15 U.S.C. § 1117(a)), *aff'd*, 229 F.3d 1139 (3d Cir. 2000); *United Indus. Corp. v.

Clorox Co.*, 140 F.3d 1175, 1180 (8th Cir.1998); *Lipton v. Nature Co.*, 71 F.3d 464, 473 (2d Cir.

1995).

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 14.**

### Measure of Lanham Act Damages

If Synthes has proved by a preponderance of the evidence each element of its Lanham Act "implied reverse passing off" claim, then it may recover, "subject to the principles of equity": (1) any damages it sustained as the result of the Lanham Act violation; (2) Globus' profits earned as the result of the Lanham Act violation; and (3) costs in connection with the Lanham Act claim.

Synthes has the burden to prove by a preponderance of the evidence any damages to it as the result of the Lanham Act violations. If Synthes has not met this burden, then Synthes cannot recover any monetary damages from Globus on this claim. If you find that Synthes has met this burden, then Globus has the burden to prove by a preponderance of the evidence all elements of costs or deductions Globus claims in connection with the profits Globus earned as the result of the Lanham Act violations.

Authority: 15 U.S.C. § 1117(a).

-19-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 15.**

<u>No Willful Infringement - Equitable Factor</u>

In assessing whether Synthes may recover damages in the form of Globus's profits relating to the alleged acts of "passing off," if any, keep in mind that if Globus' alleged conduct was not willful, then this "is an important equitable factor" you must consider in deciding whether to make any award of Globus' profits on this claim.

<u>Authority</u>: *Banjo Buddies v. Renosky*, 399 F.3d 168, 171 (3d Cir. 2005) (citing 15 U.S.C. § 1117(a)).

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 16.**

<u>**Synthes' Trade Secrets Claim**</u>

Synthes asserts a claim against Globus, Paul, and Kienzle for misappropriation of Synthes' alleged trade secrets under Pennsylvania common law.  Globus, Paul, and Kienzle deny that they misappropriated any trade secret of Synthes.

To recover under this claim, Synthes must be able to prove by a preponderance of the evidence that Globus misappropriated and used its trade secrets, and that Synthes suffered harm as a result of Globus' alleged actions.

<u>Authority</u>:  Synthes' Third Amended Complaint (Count II) ¶¶ 59-69; Globus Answer to Synthes Third Amended Complaint ¶¶ 59-69, and 16th-22nd Affirmative Defenses.

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 17.**

## Elements of Misappropriation of Trade Secrets Claim

To establish a trade secret violation against Globus, Paul, and Kienzle under the applicable Pennsylvania law, Synthes has the burden of proving by a preponderance of the evidence each of the following four elements: "(1) the existence of a trade secret; (2) communication of the trade secret pursuant to a confidential relationship; (3) use of the trade secret in violation of that confidence; and (4) harm to [Synthes]."

If Synthes fails to establish any one of these elements, then you must find in favor of Globus, Paul and Kienzle on the misappropriation of trade secrets claim.

Authority:  *Moore v. Kulicke & Soffa Indus., Inc.*, 318 F.3d 561, 566 (3d Cir. 2003).

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 18.**

### "Property View" of Trade Secrets

Under Pennsylvania law, the most important issue in a trade secret case is whether there is "truly a trade secret."

Therefore, in your evaluation of the evidence you should place an emphasis on whether Synthes has proved the existence of any trade secret and closely analyze whether the information Synthes contends is a trade secret is truly a trade secret.

For example, if you find that information which Synthes claims to be a trade secret can be found on the Internet or in a government publication or product catalogue, then the information is not a trade secret.

Authority: *Den-Tal-Ez, Inc. v. Siemens Capital Corp.*, 566 A.2d 1214, 1228-29 (Pa. Super. 1989); *accord Moore v. Kulicke & Soffa Indus., Inc.*, 318 F.3d 561, 571 (3d Cir. 2003) .

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 19.**

### <u>Trade Secret Defined</u>

"A trade secret is defined as 'any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'"

<u>Authority</u>: *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1255 (3d Cir. 1985) (quoting RESTATEMENT OF TORTS § 757 cmt. b (1939)); *accord Van Prods. Co. v. General Welding and Fabricating Co.*, 213 A.2d 769, 780 (Pa. 1965).

-24-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 20.**

### General Knowledge in Industry Is Not a Trade Secret

Trade secrets, however, must be the particular secrets of a company, such as Synthes, and not general secrets of the business that the company is in. This is because matters of general knowledge in an industry cannot be a trade secret.

For example, if you find that how to apply for product approval to the Food and Drug Administration is general knowledge in the industry, then it is not a trade secret. Similarly, if you find that the shape of a spacer is general knowledge in the industry, that cannot be a trade secret.

Authority: *The Hyman Cos., Inc. v. Brozost*, 964 F. Supp. 168, 174 (E.D. Pa. 1997); *Felmlee v. Lockett*, 351 A.2d 273, 277 (Pa. 1976).

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 21.**

### Employee's "Know-How" Is Not a Trade Secret

A trade secret does not include an employee's know-how because an employee who resigns is entitled to take with him 'the experience, knowledge, memory, and skill" that he has gained while employed.

For example, if you find that information claimed by Synthes to be a trade secret is within Paul's or Kienzle's experience, knowledge, memory or skill gained while they worked for Synthes, then it cannot be a trade secret.


Authority:  *The Hyman Cos., Inc. v. Brozost*, 964 F. Supp. 168, 174 (E.D. Pa. 1997) (quoting *Van Prods. Co. v. General Welding & Fabricating Co.*, 213 A.2d 769, 776 (Pa. 1965)).

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 22.**

### Employee's Aptitude and Subjective Knowledge Are Not Trade Secrets

"Moreover, the concept of trade secret does not include a man's aptitude, his skill, his dexterity, his manual and mental ability, and such other subjective knowledge as he obtains while in the course of his employment, . . .[and] the right to use and expand these powers remains his property[.]"

This means that Paul, Kienzle, and all former Synthes employees who became Globus employees, were entitled to keep, use, and expand upon any aptitude, skill, dexterity, manual and mental ability, and other subjective knowledge they gained while working at Synthes at their next job with Globus. For example, if you find that Paul gained knowledge about product development while he was at Synthes and has expanded on that knowledge while at Globus, then you cannot find that his aptitude for product development is a trade secret.

Authority:  *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1255-56 (3d Cir. 1985) (internal quotation marks and citation omitted); *accord Multitherm Corp. v. Fuhr*, No. 85-CV-6151, 1991 WL 146233, *19 (E.D. Pa. Jul. 24, 1991), *recon. denied*, No. 89-CV-6151, 1991 WL 165070 (E.D. Pa. Aug. 21, 1991).

-27-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 23.**

### Employee's Problem Solving and Mistakes to Be Avoided Are Not Trade Secrets

Also, there are no trade secrets over "problem-solving ability or knowledge of mistakes to be avoided."

In other words, if Paul or Kienzle learned through their mistakes and problem-solving experience while at Synthes, they may take these lessons learned with them to their new jobs at Globus.

Authority: *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1262 (3d Cir. 1985).

-28-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 24.**

### Employees' Personal Business Contacts Are Not Trade Secrets

"[A]n employee's personal business contacts, although made while in plaintiff's employ, are not plaintiff's trade secrets.

For example, Kienzle's former business contacts through Synthes are not Synthes' trade secrets.

<u>Authority</u>:  *National Risk Mgmt., Inc. v. Bramwell*, 819 F. Supp. 417, 431 (E.D. Pa. 1993).

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 25.**

<u>Types of Information Not a Trade Secret</u>

Information which is common knowledge, found in public sources, or easily ascertainable is not a trade secret.

For example, if you can find the information in a textbook, doctor's office, or patient directory, it is not a trade secret.


<u>Authority</u>:  *International Election Sys. Corp. v. Shoup*, 452 F. Supp. 684, 708 (E.D. Pa. 1978), *aff'd*, 595 F.2d 1212 (3d Cir. 1979); *accord G. Neil Corp. v. Cameron*, No. 03-CV-4419, 2003 WL 22533698, *1 (E.D. Pa. Oct. 21, 2003).

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 26.**

<u>No Trade Secret  - Public Disclosures</u>

If information that is a trade secret is publically disclosed, it no longer is a trade secret.

For example, a trade secret item that is sold to the public loses its status as a trade secret.


<u>Authority</u>:  *International Election Sys. Corp. v. Shoup*, 452 F. Supp. 684, 706 (E.D. Pa. 1978),

*aff'd*, 595 F.2d 1212 (3d Cir. 1979); *Midland-Ross Corp. v. Sunbeam Equip. Corp.*, 316 F. Supp.

171, 177 (W.D. Pa.), *aff'd per curium*, 435 F.2d 159, 160 (3d Cir. 1970);   *Van Prods. Co. v.*

*General Welding & Fabricating Co.*, 213 A.2d 769, 780 (Pa. 1965).

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 27.**

## No Trade Secret in Certain Aspects of Former Employer's Business

In addition, the following are not trade secrets: consumer demand, material sources and costs, labor costs, suppliers and accounts payable, customers and accounts receivable, and advertising methods and materials of a former employer.


Authority: *Van Prods. Co. v. General Welding & Fabricating Co.*, 213 A.2d 769, 776 (Pa. 1965); *Multitherm Corp. v. Fuhr*, No. 85-CV-6151, 1991 WL 146233, *19 (E.D. Pa. Jul. 24, 1991), *recon. denied*, No. 89-CV-6151, 1991 WL 165070 (E.D. Pa. Aug. 21, 1991).

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 28.**

### No Trade Secret in Information Already Possessed By Third-Party Vendors

Trade secrets also do not include information already possessed by third party vendors, such as alternate sources of supply, because they have "every incentive, and every right, to disclose [such information] to their customers" otherwise this would "put an undue burden on the innocent vendors, as well as place an artificial constraint on the free market."

For example, information possessed by manufacturing vendors that Synthes uses is not Synthes' trade secret.


Authority:  *Multitherm Corp. v. Fuhr*, No. 85-CV-6151, 1991 WL 146233, *19 (E.D. Pa. Jul. 24, 1991) (quoting *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1257 (3d Cir. 1985), *recon. denied*, No. 89-CV-6151, 1991 WL 165070 (E.D. Pa. Aug. 21, 1991).

-33-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 29.**

<u>Import of Inspection of Sold Articles or Reverse Engineering on Trade Secret Claim</u>

"Matters which are fully disclosed by a marketed product and are susceptible to "reverse engineering"- *i.e.*, 'starting with the known product and working backward to divine the process which aided in its manufacture,' . . . cannot be protected as trade secrets." It is not even unlawful to hire an expert engineer to reverse engineer the product.

For example, if you find that Globus could have made any of the alleged trade secret products from inspecting, disassembling or testing an existing product made by Synthes, even if it did not do so or if it hired an expert to do so, then it could be reverse engineered and is not a trade secret.

<u>Authority</u>: *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1255 (3d Cir. 1985) (quoting *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 476 (1974)); *accord International Election Sys. Corp. v. Shoup*, 452 F. Supp. 684, 708 (E.D. Pa. 1978), *aff'd*, 595 F.2d 1212 (3d Cir. 1979); *United Prods. Corp. v. Transtech Mfg., Inc.*, No. 4051 Aug. Term 2000, 2000 WL 33711051, *13 (C.P. Phila. Nov. 9, 2000) (citing *Van Prods. Co. v. General Welding and Fabricating Co.*, 213 A.2d 769, 779-80 (Pa. 1965)).

**GLOBUS' PROPOSED JURY INSTRUCTION NO.  30.**

**<u>Plaintiff's Burden to Disprove Susceptibility to Reverse Engineering</u>**

It is Synthes' burden to prove by a preponderance of the evidence that its alleged trade secrets were not able to be reverse engineered.

<u>Authority</u>:  *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1262 (3d Cir. 1985).

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 31.**

<u>**Existence of a Trade Secret - Factors to Be Considered**</u>

In determining whether Synthes has proven by a preponderance of the evidence that it possesses specific, identifiable trade secrets you must consider the following factors:

(1)   the extent to which the information claimed by Synthes to be a trade secret was known outside of its business;

(2)   the extent to which this information was known by employees and others involved in Synthes' business;

(3)   the extent of measures taken by Synthes to guard the secrecy of this information;

(4)   the value of this information to Synthes and its competitors;

(5)   the amount of effort or money expended by Synthes in developing this information; and

(6)   the ease or difficulty with which the information could have been properly acquired or duplicated by others.

<u>Authority</u>: *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1256 (3d Cir. 1985).

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 32.**

### Existence of a Trade Secret - Competitive Advantage

Under Pennsylvania law, the crucial factors for determining whether information is a trade secret are "substantial secrecy and competitive value to the owner."

The economic value of the trade secret right lies in the competitive advantage over others that the trade secret owner enjoys due to its exclusive access to the data, and when disclosure or use by others of the data would destroy that competitive edge.

Therefore, Synthes must prove by a preponderance of the evidence that it possessed a "competitive advantage" over others in the industry for each of the alleged trade secrets it asserts Globus, Paul, and Kienzle misappropriated. Otherwise, Synthes' claim for misappropriation of trade secrets will fail, and you must find in favor of Globus.

Authority: *N3 Oceanic, Inc. v. Shields,* No. 06-1304, 2006 WL 2433731, * 7 (E.D. Pa. Aug. 21, 2006) (quoting *O.D. Anderson, Inc. v. Cricks*, 815 A.2d 1063, 1070 (Pa. Super. 2003) (emphasis added)); *accord Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1011-12 & n.15 (1984); *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1266 (3d Cir. 1985) (Adams, J. concurring).

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 33.**

### Communication of the Trade Secret

Synthes must prove by a preponderance of the evidence each of the specific, identifiable trade secrets that it claims. For each proven trade secret, you then must consider the next element in a misappropriation of trade secret claim, namely, whether those trade secrets were communicated to Paul and Kienzle pursuant to a confidential relationship with Synthes.

Authority: *Moore v. Kulicke & Soffa Indus., Inc.*, 318 F.3d 561, 566 (3d Cir. 2003); *Prudential Ins. Co. v. Stella*, 994 F. Supp. 318, 323 (E.D. Pa. 1998).

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 34.**

## Misappropriation of Trade Secrets - Use or Disclosure

If you decide that there was a confidential relationship between [plaintiff] <u>Synthes</u> and [those who formed or operated defendant] <u>Paul and Kienzle</u> and that [plaintiff] <u>Synthes</u> disclosed trade secrets to these people, then you must decide whether that trade secret information was misappropriated by [defendant] <u>Globus, Paul, and Kienzle</u>. A misappropriation has occurred if [defendant] <u>Globus, Paul, and Kienzle</u> used the trade secrets of [plaintiff] <u>Synthes</u> to make [its] <u>Globus</u> products. Mere conjecture or speculation as to this use is not sufficient. [Plaintiff] <u>Synthes</u> must prove by a preponderance of the evidence that [defendant] <u>Globus, Paul and Kienzle</u> used the trade secrets in making [defendant's] <u>Globus</u> products.


<u>Authority</u>: 3 O'Malley, Grenig, Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 127.13 (5th ed. 2000) (unchanged except parties' names added).

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 35.**

**<u>Misappropriation of Trade Secrets - Independent Development Burden of Proof</u>**

Under Pennsylvania law, when a defendant in a trade secret case claims to have independently developed the alleged trade secret products, "the plaintiff must disprove independent development in order to make out the elements of the tort of trade secret misappropriation." "Others in the field are free to arrive at precisely the same method and to use the method so long as they obtain their knowledge through their own independent efforts." Here, Globus asserts that it did not use any Synthes trade secrets, because it independently developed its products.

If Synthes cannot disprove that Globus independently developed the trade secrets, then you must find in favor of Globus.

<u>Authority:</u>  *Moore v. Kulicke & Soffa Indus., Inc.*, 318 F.3d 561, 572 (3d Cir. 2003); *National Risk Mgmt., Inc. v. Bramwell,* 819 F. Supp. 417, 431 (E.D. Pa.1993).

**GLOBUS' PROPOSED JURY INSTRUCTION NO.  36.**

<u>**Independent Development Assessment - Superficial Similarity**</u>

In making an assessment of independent development, you must also keep in mind that any "superficial similarity" between the parties' products does not support an inference that Globus, Paul, and Kienzle used any alleged Synthes trade secret.  In other words, just because two products, such as spacers, are similar on the surface, does not mean that one was necessarily developed using the trade secrets of the other.

<u>Authority</u>:  *Luigino's. Inc. v. Peterson*, 317 F.3d 909, 913 (8th Cir.), *cert. denied*, 540 U.S. 873 (2003).

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 37.**

### Misappropriation of Trade Secrets - Assessment of Harm

If you find that Synthes has met its burden of proving by a preponderance of the evidence the first three elements of a misappropriation of trade secrets claim, then you must determine whether Globus' misappropriation was a factual cause of the harm suffered by Synthes from the misappropriation.

If you find that Synthes failed to prove this element by a preponderance of the evidence, then you must find in favor for Globus.


Authority: *Moore v. Kulicke & Soffa Indus., Inc.*, 318 F.3d 561, 564 n.1 & 566 (3d Cir. 2003); *see also* PENNSYLVANIA SUGGESTED STANDARD CIVIL JURY INSTRUCTIONS § 1.42 (3rd ed. 2005).

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 38.**

### Misappropriation of Trade Secrets - Damages

If you should find by the preponderance of the evidence presented that [defendant] Globus, Paul, and Kienzle [has] have misappropriated [plaintiff] Synthes' trade secrets, you must then determine the amount of damages, if any, that [plaintiff] Synthes is entitled to receive. The fact that I am instructing you on the subject of damages does not mean that [plaintiff] Synthes is or is not entitled to recover damages. I am expressing no opinion one way or the other. These instructions are only to guide you if you find from a fair preponderance of the evidence that [plaintiff] Synthes is entitled to recover damages.

[Plaintiff] Synthes has the burden of establishing the amount of actual damages, if any, that were suffered. Damages must be determined with reasonable certainty from the evidence presented. Mathematical precision need not be shown, but you are not to guess or speculate as to damages.

Therefore, if you find that Synthes has not met its burden to establish the amount of actual damages it suffered as the result of Globus', Paul's, and Kienzle's misappropriation of its trade secrets, then you must not award Synthes any damages on its misappropriation of trade secrets claim.

You may only award an amount that would fairly compensate [plaintiff] Synthes for damages suffered as a result of [proximately caused by defendant] Globus', Paul's, and Kienzle's use of trade secrets.

-43-

You may consider, in awarding such actual damages, the cost [defendant] <u>Globus</u> would have incurred in acquiring the same information or trade secrets through its own experimentation or through other lawful means, or you may consider the actual view of what has been appropriated or the reasonable royalty as of the time of the alleged misappropriation.

<u>Authority</u>: Modified from 3 O'Malley, Grenig, Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 127.14 (5th ed. 2000).

**Proposed Instruction:**
Given    _____
Modified   _____
Refused   _____        -44-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 39.**

## Measure of Damages for Misappropriation of Trade Secrets

There are two basic methods for assessing damages for misappropriation of trade secrets: (1) assessing the damages sustained by the plaintiff; or (2) assessing the profits earned by the defendant on sales attributable to the wrongful conduct for each of the trade secrets that Synthes has established Globus used.

Authority:  *Rohm and Haas Co. v. Adco Chem. Co.*, 689 F.2d 424, 433-34 (3d Cir. 1982); *Sperry Rand Corp. v. A-T-O, Inc.*, 447 F.2d 1387, 1392-93 (4th Cir. 1971), *cert. denied*, 409 U.S. 892 (1972); *02 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.* 399 F. Supp. 2d 1064, 1076-77 (N.D. Cal. 2005), *aff'd*, 221 Fed.Appx. 996 (Fed. Cir. 2007).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                              -45-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 40.**

**Measure of Damages for Misappropriation of Trade Secrets - No Double Recovery**

"Ordinarily a plaintiff may recover either [the damages sustained by the plaintiff or the profits earned by the defendant by the use of the alleged misappropriated material] but not both, because to allow both would permit double recovery."

Authority: *Sperry Rand Corp. v. A-T-O, Inc.*, 447 F.2d 1387, 1392-93 (4th Cir. 1971), *cert. denied*, 409 U.S. 892 (1972).

**Proposed Instruction:**
Given          _____
Modified       _____
Refused        _____                -46-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 41.**

### Purpose of Damages for Misappropriation of Trade Secrets

<u>Although Synthes has indicated that it seeks to recover the profits earned by Globus by the use of the alleged misappropriated information, you must decide whether this is the proper measure of damages, if any damages are to be awarded, in light of all the evidence you have considered. Keep in mind that:</u> An award of compensatory damages is intended to put the plaintiff, here, Synthes, in the position the plaintiff would have occupied had the misappropriation never taken place.

<u>Authority</u>: Modified from Notes "In General" to 3 O'Malley, Grenig, Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 127.14 (5th ed. 2000).

**Proposed Instruction:**
Given          _____
Modified       _____
Refused        _____                    -47-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 42.**

### Measure of Damages for Misappropriation of Trade Secrets - Plaintiff's Loss

"Since the objective in allowing damages is to compensate the plaintiff for the difference in its position before and after the misappropriation of its trade secrets, plaintiff's probable loss may be the more significant measuring rod than the defendant's actual gain."


Authority: *Sperry Rand Corp. v. A-T-O, Inc.*, 447 F.2d 1387, 1393 (4th Cir. 1971) (citing R. Callman, THE LAW OF UNFAIR COMPETITION, TRADEMARKS AND MONOPOLIES § 59.3 at 497 (1965), *cert. denied*, 409 U.S. 892 (1972).

**Proposed Instruction:**
Given      _____
Modified   _____
Refused    _____                    -48-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 43.**

### Damages for Misappropriation of Trade Secrets -
### Accounting Period for Defendant's Profits

Whatever measure of damages, if any, you decide may be appropriate for this case, the appropriate period for damages in a trade secret misappropriation case is "the time it would have taken ... [Globus] to create the product absent the misappropriation."

In other words, you cannot award Synthes damages for a period of time longer than it would have taken Globus to develop the products at issue on its own. So for example, if Globus could have developed these products on its own in one month, then the damages period cannot be longer than one month.

Authority: *Reinforced Molding Corp. v. General Elec. Co.*, 592 F. Supp. 1083, 1088-89 (W.D. Pa. 1984) (citing *Joseph L. Brooks Mfg. Corp. v. G.S.C. Elecs., Ltd.*, 215 U.S.P.Q. 708, 713 (E.D. Pa. 1982)).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                    -49-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 44.**

### Synthes' Breach of Contract Claims

Synthes asserts a breach of contract claim against Paul under Pennsylvania common law for alleged breach of an "Employee Innovation and Non-Disclosure Agreement" with Synthes, U.S.A., dated November 25, 1996, by using or otherwise disclosing Synthes' purported confidential information to Globus after resigning from Synthes. Paul asserts that this agreement is invalid and unenforceable and he denies that he breached this agreement.

Synthes also asserts breach of contract claim against Kienzle under Pennsylvania common law for alleged breach of: (1) an "Employee Innovation and Non-Disclosure Agreement," dated October 20, 1998, with Synthes U.S.A.; (2) a "Sales Consultant, Confidentiality, Non-Solicitation and Non-Competition Agreement," dated October 20, 1998, with Synthes Spine Company, Ltd.; and (3) a subsequent "Vice Presidents and Executives, Confidentiality, Non-Solicitation and Non-Competition Agreement" that Kienzle never signed. Kienzle denies the enforceability of these agreements and that he breached these agreements.

You must determine, based on the instructions that I will give you in a moment, whether Synthes has proved by a preponderance of the evidence that Paul had a valid and enforceable "Employee Innovation and Non-Disclosure Agreement" with Synthes, and if so, whether Paul breached such agreement. If Synthes did not meet this burden then you must find in favor of Paul on the breach of contract claim against him.

**Proposed Instruction:**
Given      _____
Modified   _____
Refused    _____                    -50-

You also must determine whether Synthes has proved by a preponderance of the evidence that it had a valid and enforceable Confidentiality, Non-Solicitation and Non-Competition Agreement and an "Employee Innovation and Non-Disclosure Agreement" with Kienzle, and if so, whether Kienzle breached these agreements.  If Synthes did not meet this burden then you must find in favor of Kienzle with respect to Synthes' breach of contract claim against him.

Authority:  Synthes' Third Amended Complaint (Count IV against Paul) ¶¶ 77-83 and (Count V against Kienzle) ¶¶ 84-92; Globus Answer to Synthes Third Amended Complaint ¶¶ 77-92 and 11th, 27th-35th Affirmative Defenses.

**Proposed Instruction:**
Given            _____
Modified         _____
Refused          _____                -51-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 45.**

## What Is a Contract

A contract, in general, is a promise, supported by adequate consideration, that creates a duty and is enforceable by a legal remedy.

The essential elements to form a contract are:

1.     an offer,

2.     acceptance

3.     consideration or mutual meeting of the minds that manifests an intent to be bound.

Under Pennsylvania law, the essential elements of the agreement, such as time and manner of performance, scope of the duties, and intent to be bound, must be certain or the contract is unenforceable.


Authority:  *In re Gross*, 48 B.R. 674, 677 (Bankr. E.D. Pa. 1985); *Lombardo v. Gasparini Excavating Co.*, 123 A.2d 663, 666 (Pa. 1956); *Jenkins v. County of Schuylkill*, 658 A.2d 380, 383 (Pa. Super. 1995), *appeal denied*, 666 A.2d 1056 (1995).


**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                    -52-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 46.**

### Consideration Definition

"Consideration confers a benefit upon the promisor or causes a detriment to the promisee" that is bargained for.

The key element of consideration is that the performance or a return promise must be bargained for, which involves an exchange of promises.

Authority:  *Goodbody v. Margiotti*, 187 A. 425, 432 (Pa. 1936), *petition dismissed*, 191 A. 582 (Pa. 1937); *Vitow v. Robinson*, 823 A.2d 973, 977 (Pa. Super. 2003) (citing RESTATEMENT (SECOND) OF CONTRACTS § 71 (1981)).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                              -53-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 47.**

### Contracts Containing Covenant in Restrain of Trade -
### Protection of Legitimate Business Interest

In this case, the contracts at issue are restrictive agreements, namely, non-disclosure and non-competition agreements, which are commonly relied upon by employers to shield their protectable business interests.  Generally, a non-disclosure agreement limits the use of proprietary information by a former employee, while a non-competition agreement prevents a former employee from competing with his prior employer for a specified period of time and within a precise geographic area.  In Pennsylvania, restrictive agreements are enforceable only if they are incident to an employment relationship between the parties; the restrictions imposed by the covenant are reasonably necessary for the protection of the employer; and, for non-competition agreements, the restrictions imposed must be reasonably limited in duration and geographic extent.

In deciding whether to enforce a restrictive agreement such as a non-competition or non-disclosure agreement, you must weigh the protectable interests against the hardship inflicted upon the former employee.  For example, a restrictive agreement inserted into an employment agreement to repress competition or gain an economic advantage over a departing employee so they cannot earn a living must not be enforced.

Authority: *Hess v. Gebhard & Co. Inc.* 808 A.2d 912, 917 (Pa. 2002); *Morgan's Home Equip. Corp. v. Martucci*, 136 A.2d 838, 846-47 (Pa. 1957).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                    -54-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 48.**

## Consideration - Necessary at Inception of Employment

"When the restrictive covenant is contained in the initial contract of employment, consideration for the restrictive covenant is the job itself. When the restrictive covenant is added to an existing employment relationship, however, it is only enforceable when the employee who restricts himself receives a corresponding benefit or change in status." An employee's continued employment alone is not sufficient consideration for a restrictive employment agreement which the employee signed after he started working.

A critical issue in deciding whether there is adequate consideration is whether the employment agreement was an afterthought to impose additional restrictions on an unsuspecting employee. The "law is clear that where a restrictive covenant is executed after the commencement of employment, it will not be enforced unless the employee restricting himself receives a corresponding benefit or change in status."

Authority: *Shriver v. Cichelli* , Civ. A. No. 92-0094, 1992 WL 350226, *4 (E.D. Pa. Nov. 19, 1992); *Maintenance Specialties, Inc. v. Gottus*, 314 A.2d 279, 282-83 (Pa. 1974); *Jacobson & Co. v. Int'l Environ Corp.*, 235 A.2d 612, 619 (Pa. 1967); *Ruffing v. 84 Lumber Company*, 600 A.2d 545, 548 (Pa. Super. 1991), *appeal denied,* 610 A.2d 46 (Pa. 1992).

**Proposed Instruction:**
Given      _____
Modified   _____
Refused    _____                        -55-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 49.**

<u>**Paul's Agreement - Consideration Issue**</u>

Paul asserts that he was not presented with the non-disclosure agreement until after he had started working for Synthes and he did not receive any additional benefit for signing the agreement.  Paul's non-disclosure agreement specifically states that it is given "in consideration of my continued employment by Synthes and of the salary or wages paid to me," which alone is not sufficient consideration.

Therefore, if you find that Synthes has not proved by a preponderance of the evidence that Paul signed his non-disclosure agreement when Synthes first offered him employment, you must find in favor of Paul on this claim since there is not sufficient consideration for the non-disclosure agreement.

<u>Authority</u>:  *Maintenance Specialties, Inc. v. Gottus,* 314 A.2d 279, 282-83 (Pa. 1974).

**Proposed Instruction:**
Given        _____
Modified   _____
Refused    _____                      -56-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 50.**

<u>**Kienzle's Agreements - Consideration Issue  (October 20, 1998 Agreements)**</u>

Kienzle asserts that he entered into a written contract of employment for the position of

Regional Manager with Synthes Spine on October 6, 1998, by signing a detailed offer letter that

spelled out in detail the terms and conditions of his employment, but made no reference to a non-

competition agreement or a non-disclosure agreement.  Kienzle asserts his non-disclosure and

Sales Representative non-competition agreements are invalid because he did not sign them until

October 20, 1998 and did not receive any additional benefit for signing them.

If you find that Synthes did not prove by a preponderance of the evidence that there was

valid consideration for these agreements, then you must find in favor of Kienzle on Synthes'

breach of contract claim on the October 20, 1998 agreements.

<u>Authority</u>: *Maintenance Specialties, Inc. v. Gottus,* 314 A.2d 279, 282-83 (Pa. 1974).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                    -57-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 51.**

**Kienzle's Agreements - Validity of Vice Presidents
and Executives Non-Competition Agreement**

Kienzle asserts that the Vice Presidents and Executives non-competition agreement is invalid since he did not agree to it or sign it after he was promoted to Area Vice President.

If you find that Synthes did not prove by a preponderance of the evidence either that Kienzle agreed to the contract or that there was valid consideration for the contract, then you must find in favor of Kienzle on the claim involving the Vice Presidents and Executives non-competition agreement.

Authority: *Maintenance Specialties, Inc. v. Gottus*, 314 A.2d 279, 282-83 (Pa. 1974).

**Proposed Instruction:**
Given        _____
Modified    _____
Refused     _____                    -58-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 52.**

### Kienzle's Non-Competition Agreements - Unreasonableness Issue

As with any contract, a contract containing a non-competition agreement must be sufficiently definite as to the nature and extent of the parties' obligations. Further, as I mentioned earlier, such an agreement must be reasonably limited in geographic territory.

Kienzle asserts that the non-competition agreements that Synthes claims apply to him are invalid and unenforceable because they are unlimited in the scope of prohibited activities and their territorial reach is vague and indefinite.

If you find that Synthes failed to prove by a preponderance of the evidence that any non-competition agreement Kienzle may have had with Synthes is proper in the scope of prohibited activities and that the territorial reach is sufficiently definite, then you must find in favor of Kienzle on the breach of contract claim against him.

Authority:  *Hess v. Gebhard & Co. Inc.*, 808 A.2d 912, 917 (Pa. 2002); *Jacobson & Co. v. Int'l Environ Corp.*, 235 A.2d 612, 620 (Pa. 1967); *Lombardo v. Gasparini Excavating Co.*, 123 A.2d 663, 666 (Pa. 1956).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                    -59-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 53.**

### Valid and Enforceable Contract Requirement

Only if you find that Synthes proved by a preponderance of the evidence the existence of a valid and enforceable contract with Paul and Kienzle, should you proceed to an examination of whether Paul or Kienzle breached any contract with Synthes.

Authority: *Panetta v. SAP Am., Inc.*, No. 05-CV- 4511, slip op., 2007 WL 1001889, *3  (E.D. Pa. March 30, 2007) (Stengel, J.) (quoting *Corestates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. 1999)).

**Proposed Instruction:**
Given        _____
Modified   _____
Refused    _____                                 -60-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 54.**

<u>Elements of a Breach of Contract Claim</u>

"A breach of contract claim in Pennsylvania must be established by demonstrating the following three elements: '(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages.'"

If Synthes fails to prove any one of these elements by a preponderance of the evidence, then you must find in favor of Paul and Kienzle on the breach of contract claims.

<u>Authority</u>:  *Panetta v. SAP Am., Inc.*, No. 05-CV-4511, slip op., 2007 WL 1001889, *3  (E.D. Pa. March 30, 2007) (Stengel, J.) (quoting *Corestates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. 1999)).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____            -61-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 55.**

### Breach of Contract-Generally

A breach of contract occurs when a party to the contract fails to perform any contractual duty or violates an obligation, engagement, or duty and that breach is material. A breach does not have to be defined in a contract.

Not every non-performance, however, is to be considered a breach of the contract. If you find that the non-performance was immaterial, and thus the contract was substantially performed, you must also find that a breach of the contract has not occurred.

Authority: Pennsylvania Suggested Standard Civil Jury Instructions § 15.06 (3rd ed. 2005) (unchanged).

**Proposed Instruction:**
Given _____
Modified _____
Refused _____                    -62-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 56.**

### Effect of Breach - Materiality

You have been instructed that you must determine whether there has been a material breach of the contracts at issue. A "material breach" is a failure to do something that is so fundamental to a contract that the failure to perform that obligation defeats the essential purpose of the contract.

If you find that Synthes has not proved by a preponderance of the evidence that Paul and Kienzle materially breached an agreement at issue in this case, then you must find in favor of Paul and Kienzle.

Authority:  23 Williston on Contracts § 63:3 (4th ed. updated by Thompson-West 2007).

**Proposed Instruction:**
Given          _____
Modified     _____
Refused      _____                          -63-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 57.**

<u>**No Breach of Contract When Information Obtained By Legitimate Means**</u>

In assessing whether Paul and Kienzle breached their alleged non-disclosure agreements

with Synthes, you must keep in mind that if the information Synthes seeks to keep confidential

could be obtained by legitimate means by its competitors, then the disclosure of such information

would not be prohibited.  You also should keep in mind that non-disclosure agreements do not

prevent employees from disclosing information that is not a trade secret, not confidential, or

publically available.

If you find that Synthes has not proved by a preponderance of the evidence that the

information allegedly disclosed by Paul and Kienzle could not be obtained by legitimate means,

or is a trade secret, confidential or not publically available, then you must find in favor of Paul

and Kienzle on the breach of the non-disclosure agreements.


<u>Authority</u>:  *Select Med. Corp. v. Hardaway*, No. 05-CV-3341, 2006 WL 859741, *1 & *7-*8

(E.D. Pa. Mar. 24, 2006); *Coventry First, LLC v. Ingrassia*, No. 05-CV-2802, 2005 WL

1625042, *10 (E.D. Pa. Jul. 11, 2005); *Fonda Group, Inc. v. Erving Indus., Inc.*, 897 F. Supp.

230, 233 (E.D. Pa. 1995); *Hess v. Gebhard & Co. Inc.*, 808 A.2d 912, 923- 24 (Pa. 2002);

*WellSpan Health v. Bayliss*, 869 A.2d 990, 997 & 1003 (Pa. Super. 2005); *Tyson Metal Prods.,*

*Inc. v. McCann*, 546 A.2d 119, 122 (Pa. Super. 1988); *United Prods. Corp. v. Transtech Mfg.,*

*Inc.*, No. No. 4051 Aug. Term 2000, 2000 WL 33711051, *12-*14 (C.P. Phila. Nov. 9, 2000)

**Proposed Instruction:**
Given          _____
Modified       _____
Refused        _____                    -64-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 58.**

<u>**Breach of Contract - Factual Cause**</u>

 Only if you find that Synthes has proved by a preponderance of the evidence the first two elements of a breach of contract claim against Paul and Kienzle, namely, the existence of a contract, including its essential terms, and a material breach of a duty imposed by the contract, then must you consider whether Synthes has proved by a preponderance of the evidence that the breach is a factual cause of resultant damages, if any.

 Although some uncertainty with respect to the amount of damages will not defeat a breach of contract claim, at a minimum, there must "reasonable certainty," which requires a rough calculation of damages that is not too speculative, vague or contingent upon some unknown factor."

 If you find that Synthes has not proved by a preponderance of the evidence that Paul's and Kienzle's material breach is a factual cause of any resultant damages to Synthes, then you must find in favor of Paul and Kienzle on Synthes' breach of contract claims.

<u>Authority</u>:  *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003); *Corestates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. 1999); *see also* PENNSYLVANIA SUGGESTED STANDARD CIVIL JURY INSTRUCTIONS § 1.42 (3rd ed. 2005).

**Proposed Instruction:**
Given   _____
Modified   _____
Refused   _____     -65-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 59.**

### Breach of Contract Damages - Measurement Generally

As I stated earlier, the fact that I am instructing you on the subject of damages does not mean that [plaintiff] Synthes is or is not entitled to recover damages. I am expressing no opinion one way or the other. These instructions are only to guide you if you find that Synthes is entitled to recover any damages.

Where one party to a contract breaches that contract, the other party may recover for those injuries that have been proved to you with reasonable certainty. Any compensation awarded for injury is termed "damages." Generally, the measure of damages is the sum that will compensate the plaintiff, here Synthes, for the loss sustained. If you find that [the defendant] Paul and Kienzle breached their contracts with Synthes, you must then decide, based on the evidence [the plaintiff] Synthes has presented, what amount of money will compensate [the plaintiff] Synthes for those injuries that were a direct and foreseeable result of the breach, and that the parties could have reasonably foreseen with certainty at the time they made the contract.

Authority: Modified from PENNSYLVANIA SUGGESTED STANDARD CIVIL JURY INSTRUCTIONS § 15.26 (3rd ed. 2005).

**Proposed Instruction:**
Given        _____
Modified   _____
Refused    _____                -66-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 60.**

**Damages - Expectation Interest - Lost Benefit Of the Bargain**

If you find that [the defendant] Paul and Kienzle materially breached their contracts with Synthes, then you must decide, based on the evidence [the plaintiff] Synthes has presented, the amount of money damages that will compensate [the plaintiff] Synthes for [[his] [her]] its loss as a result of the breach. Your aim in calculating this amount should be to put [the plaintiff] Synthes, as nearly as possible, in the same position [[he] [she]] it would have occupied had the contracts, or contract, been performed. [In determining this amount, you should remember that [the plaintiff] Synthes is entitled to be reimbursed for the money [he] [she] actually paid out, in addition to all reasonable and proper expenses incurred as a result of [the plaintiff's] its reliance on the contracts.]

Authority: Modified from PENNSYLVANIA SUGGESTED STANDARD CIVIL JURY INSTRUCTIONS § 15.27 (3rd ed. 2005); *Fishkin v. Susquehanna Partners, G.P.*, No. 03-CV-3766, 2007 WL 560703, *2 (E.D. Pa. Feb.12, 2007); *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 226 (3d Cir. 2003); *Delahanty v. First Pennsylvania Bank, N.A.*, 318 Pa. Super. 90, 464 A.2d 1243, 1257 (1983); *see also Scully v. U.S. WATS, Inc.*, 238 F.3d 497, 515 (3d Cir.2001).

**Proposed Instruction:**
Given          _____
Modified     _____
Refused      _____                          -67-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 61.**

### Breach of Contract - Expectation Damages

"Expectation damages are the 'preferred basis for contract damages' and seek to give the injured party the benefit of its bargain by attempting to place the aggrieved in as good a position as it would have been, had the contract been performed. . . Expectation damages are measured by 'the losses caused and gains prevented by defendant's breach,' less any savings or other benefits from the defendant's non-performance."

"Under Pennsylvania law, damages for breach of a non-competition agreement are usually measured as the profits that the non-breaching party lost as a result of the breach."

Authority: *Fishkin v. Susquehanna Partners, G.P.*, No. 03-CV-3766, 2007 WL 560703, *2 - 3 (E.D. Pa. Feb.12, 2007)  (citing *American Air Filter, Inc. v. McNichol*, 527 F.2d 1297, 1299 (3d Cir.1975)).

**Proposed Instruction:**
Given    _____
Modified   _____
Refused    _____        -68-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 62.**

## Calculation of Damages

Proof of the exact amount of loss or a precise calculation of damages is not required as long as the evidence establishes the damages "with a fair degree of probability."  Nonetheless, "[d]amages must be established with "reasonable certainty" and may not be recovered if they are too speculative, vague or contingent."  "While mathematical certainty is not required, the plaintiff - here, Synthes - must introduce sufficient facts upon which the jury can determine the amount of damages without conjecture."

Authority:  *Fishkin v. Susquehanna Partners, G.P.*, No. 03-CV-3766, 2007 WL 560703, *2 (E.D. Pa. Feb.12, 2007); *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 226 (3d Cir. 2003); *Delahanty v. First Pennsylvania Bank, N.A.*, 464 A.2d 1243, 1257 (Pa. Super.1983).

**Proposed Instruction:**
Given          _____
Modified       _____
Refused        _____                 -69-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 63.**

## Nominal Damages for Breach of Contract

If Synthes' lost profits cannot be estimated with reasonable certainty, Synthes is

nonetheless entitled to nominal damages if it can establish Paul's and Kienzle's "liability and the

fact (if not the amount) of its damages." Under Pennsylvania law, nominal damages may not

exceed one dollar ($1.00).


Authority: *Fishkin v. Susquehanna Partners, G.P.*, No. 03-CV-3766, 2007 WL 560703, *2 (E.D.

Pa. Feb.12, 2007) (citing *American Air Filter, Inc. v. McNichol,* 527 F.2d 1297, 1299 (3d

Cir.1975)); *Nicholas v. Pennsylvania State Univer.*, 227 F.3d 133, 146 (3d Cir. 2000).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                          -70-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 64.**

<u>Mitigation</u>

A party that has incurred damages because of the breach of contract has a duty to mitigate the damages caused by the breach. Mitigation of damages involves reasonable actions by the non-breaching party to reduce or eliminate the damages caused or incurred by the breach of contract. <u>Therefore, if you find that Synthes is entitled to an award of damages on its breach of contract claims against Paul and Kienzle,</u> [Y]<u>y</u>ou are instructed that the burden of proof is upon <u>Paul and Kienzle</u> to demonstrate that <u>Synthes</u> failed to mitigate the damages incurred.

To demonstrate that <u>Synthes</u> failed to mitigate the damages, you must find that Paul and Kienzle ha[s]<u>ve</u> shown: (1) the reasonable actions that <u>Synthes</u> ought to have taken, (2) the reduction of damages from those actions, and (3) the amount by which the damages incurred would have been reduced.

[In so deciding whether the actions of plaintiff were reasonable, the test is whether the conduct of plaintiff in response to the breach of contract was reasonable, with the reasonableness of plaintiff's conduct to be determined from all facts and circumstances of the evidence you must judge in light of one viewing the situation at the time the breach of contract arose.

If you find that the defendant had as equal an opportunity as the plaintiff to mitigate the damages, then you must find that plaintiff had no obligation to mitigate the damages. If you find

**Proposed Instruction:**
Given        _____
Modified    _____
Refused     _____                    -71-

that defendant prevented the plaintiff from mitigating the damages incurred, then you must find that plaintiff had no obligation to mitigate the damages.]

If you find that [plaintiff] <u>Synthes</u> failed to mitigate the damages incurred by the breach of contract, then you must reduce the damages incurred by the amount you determine [plaintiff] <u>Synthes</u> could have avoided through reasonable actions [[he] [she]] <u>it</u> could have or should have taken under the circumstances at the time the breach of contract occurred.

<u>Authority</u>: Modified from PENNSYLVANIA SUGGESTED STANDARD CIVIL JURY INSTRUCTIONS § 15.31 (3rd ed. 2005).

**Proposed Instruction:**
Given         _____
Modified      _____
Refused       _____                    -72-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 65.**

## Synthes' Tortious Interference With Contract Claim

Synthes asserts a tortious interference with contract claim against Globus for alleged interference with Synthes' contractual relationship with Kienzle and other employees or former employees of Synthes on the basis that Globus' allegedly caused or induced these employees to compete with Synthes and disclose purported confidential information in violation of their contracts.

Globus denies Synthes' allegations for several reasons.  First, Globus asserts that Synthes has failed to establish any valid and enforceable contract with Kienzle and former Synthes' employees, William Rhoda and Michael Boyer, or that any such contracts were breached.  Second Globus did not act with the intent to cripple and destroy Synthes' business.  Third, Globus' conduct was privileged because competition is encouraged under Pennsylvania law and Globus intended only to obtain the services of particularly gifted and skilled employees.  And, fourth, Globus has engaged in proper and acceptable conduct in keeping with the "rules of the game" which society and the medical device industry has adopted, and which Synthes also has also specifically adopted.

Authority: Synthes' Third Amended Complaint (Count VI) ¶¶ 93-99; Globus' Answer to Synthes' Third Amended Complaint ¶¶ 93-99, and 36th-39th Affirmative Defenses.

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                    -73-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 66.**

### Elements of Tortious Interference With Contract Claim

In order to prevail on its claim for tortious interference with contract claim, Synthes has the burden of proving each of the following elements of its claim:

(1)  Synthes must prove that it was a party to a valid and enforceable contract with Kienzle, Rhoda, and Boyer;

(2)  Synthes must prove that Globus engaged in some purposeful action specifically intended to harm an existing contractual relationship Synthes had with Kienzle, Rhoda, and Boyer;

(3) Synthes must prove that Globus' acts were improper and were done without privilege and without justification; and

(4) Synthes must prove that Globus' conduct was a factual cause of any actual legal damage to Synthes.

If you find that Synthes has failed to prove any one of these elements by a preponderance of the evidence, then you must find in favor of Globus on this claim.

I will now explain each of these elements in more detail.

Authority: *Adler, Barish, Daniels, Levin and Creskoff v. Epstein*, 393 A.2d 1175, 1181-82  (Pa. 1978) (citing RESTATEMENT (SECOND) OF TORTS § 766 (1979)), *appeal dismissed*, 442 U.S. 907 (1979)); *Glenn v. Point Park College*, 272 A.2d 895, 898 (Pa. 1971); *Shiner v. Moriarity*, 706

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                        -74-

A.2d 1228, 1239 (Pa. Super.), *appeal denied*, 729 A.2d 1130 (1998); *Pelagatti v. Cohen*, 536

A.2d 1337, 1343 (Pa. Super. 1987)*, appeal denied*, 548 A.2d 256 (Pa. 1988).

**Proposed Instruction:**
Given     _____
Modified    _____
Refused     _____        -75-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 67.**

<u>**Tortious Interference With Contract - Threshold Contract Issue**</u>

In order to establish the first element of a tortious interference with contract claim,

Synthes is required to prove by a preponderance of the evidence that it had a valid and

enforceable contract with Kienzle, Rhoda, and Boyer. If you find that Synthes has failed to

establish this element by a preponderance of the evidence, you must enter a verdict in favor of

Globus on this claim.

<u>Authority</u>: *Adler, Barish, Daniels, Levin and Creskoff v. Epstein*, 393 A.2d 1175, 1181-82 (Pa.

1978) (citing RESTATEMENT (SECOND) OF TORTS § 766), *appeal dismissed,* 442 U.S. 907 (1979);

*Glenn v. Point Park College*, 272 A.2d 895, 898 (Pa. 1971); *Shiner v. Moriarity*, 706 A.2d 1228,

1239 (Pa. Super.), *appeal denied*, 729 A.2d 1130 (1998); *Pelagatti v. Cohen*, 536 A.2d 1337,

1343 (Pa. Super. 1987), *appeal denied*, 548 A.2d 256 (Pa. 1988).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                    -76-

**GLOBUS' PROPOSED JURY INSTRUCTION NO.  68.**

## Tortious Interference With Contract - Threshold Contract Issue - Kienzle

Earlier we discussed Kienzle's challenges (on lack of sufficient consideration and reasonableness grounds) with respect to his purported agreements with Synthes.  If you find that Synthes has failed to establish by a preponderance of the evidence the validity and enforceability of any agreement with Kienzle, then you must find that Globus did not interfere with any contract of Kienzle.

Authority:  *Adler, Barish, Daniels, Levin and Creskoff v. Epstein*, 393 A.2d 1175, 1181-82  (Pa. 1978) (citing RESTATEMENT (SECOND) OF TORTS § 766), *appeal dismissed,* 442 U.S. 907 (1979); *Glenn v. Point Park College*, 272 A.2d 895, 898 (Pa. 1971); *Shiner v. Moriarity*, 706 A.2d 1228, 1239 (Pa. Super.), *appeal denied*, 729 A.2d 1130 (1998); *Pelagatti v. Cohen*, 536 A.2d 1337, 1343 (Pa. Super. 1987),  *appeal denied,* 548 A.2d 256 (Pa. 1988).

**Proposed Instruction:**
Given          _____
Modified     _____
Refused      _____                          -77-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 69.**

### Tortious Interference With Contract - Threshold Contract Issue - Rhoda

Rhoda signed a "Confidentiality, Innovation, Non-Disclosure, Non-Solicitation and Non-Competition Agreement" with Synthes dated September 29, 1999.  Globus asserts that the non-competition portion of this agreement is invalid and unenforceable because it is unreasonable in scope as to prohibited activities because it seeks to prohibit Rhoda from working for a competitor in any capacity, and thus cannot be found to protect a legitimate business interest of Synthes. Globus also asserts that Rhoda did not breach any agreement with Synthes.

If you find that Synthes has failed to establish by a preponderance of the evidence the validity and enforceability of the non-competition agreement with Rhoda, or that Rhoda did not breach of any agreement with Synthes, then you must find that Globus did not interfere with any contract of Rhoda.

Authority:  *Hess v. Gebhard & Co. Inc.*, 808 A.2d 912, 920 (Pa. 2002); *Adler, Barish, Daniels, Levin and Creskoff v. Epstein*, 393 A.2d 1175, 1181-82  (Pa. 1978) (citing Restatement (Second) of Torts § 766)*, appeal dismissed,* 442 U.S. 907 (1979); *Glenn v. Point Park College*, 272 A.2d 895, 898 (Pa. 1971); *Shiner v. Moriarity*, 706 A.2d 1228, 1239 (Pa. Super.), *appeal denied*, 729 A.2d 1130 (1998); *Pelagatti v. Cohen*, 536 A.2d 1337, 1343 (Pa. Super. 1987), *appeal denied*, 548 A.2d 256 (Pa. 1988).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                    -78-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 70.**

**<u>Tortious Interference With Contract - Threshold Contract Issue - Boyer</u>**

At Synthes' request, Boyer signed a "Confidentiality, Non-Solicitation and Non-Competition Agreement," and a Non-Disclosure Agreement with Synthes, both dated October 10, 2002, more than five months after he was rehired to work at Synthes.  Globus asserts that these agreements are invalid and unenforceable because they lack consideration since they were not signed at the time he became employed with Synthes and he did not receive any additional benefit.

If you find that Synthes has failed to establish by a preponderance of the evidence the validity and enforceability of these agreements with Boyer, or that Boyer breached these agreements, then you must find that Globus did not interfere with any contract of Boyer.

<u>Authority</u>:  *Maintenance Specialties, Inc. v. Gottus*, 314 A.2d 279, 282-83 (Pa. 1974); *Citadel Broad.*, 52 Pa. D. & C.4th 534, 546-47 (C.P. Lack. 2001).

**Proposed Instruction:**
Given          _____
Modified       _____
Refused        _____                    -79-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 71.**

### Tortious Interference With Contract - Synthes' Burden to Show Globus'
### Conduct Was Improper and Without Privilege or Justification

If Synthes can prove the second element of intent, then in determining whether Globus'

conduct in intentionally interfering with a contractual relation of Synthes was improper and

without privilege or justification, you must analyze the following factors:

(1)     the nature of Globus' conduct;

(2)     Globus' motive;

(3)     Synthes' interest in which Globus is claimed to have interfered;

(4)     the interests sought to be advanced by Globus;

(5)     the social interests in protecting the freedom of action of Globus and the contractual

        interests of Synthes;

(6)     the proximity or remoteness of Globus' conduct to the interference; and

(7)     the relationship between Synthes and Globus.

If you find that Globus' conduct was proper or that Globus acted with privilege or

justification, you must find in favor of Globus on Synthes' tortious interference with contract

claim.


**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____          -80-

<u>Authority</u>:  RESTATEMENT (SECOND) OF TORTS § 767 (1979); *accord Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 185 (3d Cir. 1997); *Binns v. Flaster Greenberg,* P.C., 480 F. Supp. 2d 773, 779-80 (E.D. Pa. 2007);  *Adler, Barish, Daniels, Levin and Creskoff v. Epstein*, 393 A.2d 1175, 1181-82  (Pa. 1978*), appeal dismissed,* 442 U.S. 907 (1979).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                      -81-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 72.**

**Tortious Interference With Contract -**
**Intent to Cripple and Destroy**

Only if you decide that Synthes had valid and enforceable contracts with Kienzle, Rhoda, or Boyer should you proceed to an assessment of the second element of a tortious interference with contract claim, namely whether Globus engaged in some purposeful action specifically intended to harm one or more of these contractual relationships.

In this context, harm means that Globus intended to cripple and destroy an integral part of Synthes' business. It is not unlawful, standing alone, to hire away another company's employee so long as the reason is to obtain the services of particularly gifted or skilled employees. This is true regardless of how much the loss of the employee may inconvenience the employee's former employer.

Conduct that is designed to allow for healthy competition is encouraged. In a free enterprise system, businesses compete for the services of skilled employees. Also, a new employer may acquire some of the former employer's customers without breaking the law.

You also may consider that it is not an improper motive for employees to leave a company with the intention of starting a new company in which they could participate in both management and ownership.

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                    -82-

Further, in determining intent, you may consider that by seeking advice of counsel, who advised Globus that Boyer's and Rhoda's agreements with Synthes were not enforceable, Globus had a good faith belief that no contracts were being breached by their coming to work for Globus.

Authority: *United Aircraft Corp. v. Boreen*, 413 F.2d 694, 699 (3d Cir. 1969); *accord Odyssey Waste Servs., LLC v. BFI Waste Sys. of N.A., Inc.*, No. 05-CV-1929, slip op., 2007 WL 674594, *12 (E.D. Pa. Feb. 28, 2007). *Spring Steels, Inc. v. Malloy*, 162 A.2d 370, 375 (Pa. 1960); *Morgan's Home Equip. Corp. v. Martucci*, 136 A.2d 838, 847 (Pa. 1957); *see also* 3 O'Malley, Grenig, Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 127.02 (5th ed. 2000) (Raiding Key Employees - Essential Elements).

**Proposed Instruction:**
Given        _____
Modified   _____
Refused    _____                        -83-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 73.**

### Tortious Interference With Contract-Proper or Privileged
### Conduct - "Rules of the Game" Analysis.

"What is or is not privileged conduct in a given situation is not susceptible of precise definition." Pennsylvania has adopted a standard which is called the "rules of the game" to determine "the area of socially acceptable conduct which the law regards as privileged . . . ."

In analyzing whether Globus' conduct was proper or privileged, you can consider whether Synthes or other companies in the medical device industry engage in similar conduct.

When analyzing the nature of Globus' conduct, keep in mind that conduct that is "ordinarily wrongful" includes "physical violence, fraudulent misrepresentation and threats of illegal conduct[,] [y]et even these means are not always forbidden.

Therefore, Synthes must prove by a preponderance of the evidence that Globus was motivated, not by its own legitimate interests in growing and profiting by obtaining talented salespersons, but by a desire to cripple and destroy Synthes.

Authority: *Adler, Barish, Daniels, Levin and Creskoff v. Epstein*, 393 A.2d 1175, 1184 and n.17 (Pa. 1978), *appeal dismissed*, 442 U.S. 907 (1979); *accord Crivelli v. Gen'l Motors Corp.*, 215 F.3d 386, 396 (3d Cir. 2000); *Big Apple BMW, Inc. v. BMW of North America, Inc.*, 974 F.2d 1358, 1381 (E.D. Pa. 1992), *cert. denied*, 507 U.S. 912 (1993); RESTATEMENT (SECOND) OF TORTS §§ 766 and 767 cmts. a, b, c and f (1979).

**Proposed Instruction:**
Given          _____
Modified       _____
Refused        _____              -84-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 74.**

### Synthes' Burden to Show Globus' Conduct Was Improper and Without
### Privilege or Justification - Relationship Between the Parties

In assessing whether Globus' conduct was proper or privileged, keep in mind that: "[t]he relation between the parties is often an important factor in determining whether an interference is proper or improper."  Because what "would have been improper if [Globus] had not been a competitor [of Synthes]" may be proper since Globus and Synthes are competitors.

Authority:  RESTATEMENT (SECOND) OF TORTS § 767 cmt. i (1979).

**Proposed Instruction:**
Given          _____
Modified       _____
Refused        _____                -85-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 75.**

<u>**Synthes' Burden to Show the Occasioning of Actual Legal Damage**</u>

If Synthes has met its burden to prove by a preponderance of the evidence the first three elements of a tortious interference with contract claim, then it must prove the final element of this claim, namely, that Globus' conduct was a factual cause of any actual legal damages that Synthes suffered.

If Synthes has failed to prove this final element, then you must find in favor of Globus on the claim of tortious interference with contract.

<u>Authority</u>: *Pelagatti v. Cohen*, 536 A.2d 1337, 1343 (Pa. Super. 1987) (citing RESTATEMENT (SECOND) OF TORTS § 766 (1979), *appeal denied*, 548 A.2d 256 (Pa. 1988)); *see also* PENNSYLVANIA SUGGESTED STANDARD CIVIL JURY INSTRUCTIONS § 1.42 (3rd ed. 2005).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                    -86-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 76.**

## Damages - Intentional Interference with Contractual Relations

If Synthes proves all four elements of its tortious interference with contract claim, it [The plaintiff] is entitled to be fairly and adequately compensated for:

1.      the monetary loss of the benefits of the contractual relation suffered by [the plaintiff] Synthes;

2.      all other monetary losses suffered by [the plaintiff] Synthes as a result of [the defendant's] Globus' acts;

3.      the emotional distress and harm to [the plaintiff's] Synthes' reputation suffered by [the plaintiff] Synthes as a result of [the defendant's] Globus' acts.

Authority: Modified from PENNSYLVANIA SUGGESTED STANDARD CIVIL JURY INSTRUCTIONS § 13.19 (3rd ed. 2005).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                    -87-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 77.**

### Synthes' Burden to Prove Pecuniary Loss

Synthes can only receive compensation for harm to its reputation or good will if it first proves that it suffered a pecuniary loss (meaning monetary loss) flowing directly from the tortious interference with the contracts at issue.

Therefore, if you find that Synthes has not proved with reasonable certainty that it suffered a monetary loss flowing directly from Globus' tortious interference with the contract at issue, then you must find in favor of Globus on Synthes' tortious interference with contract claim.

Authority:  *Perry v. H&R Block E. Enters., Inc.*, No. 04-6108, 2007 WL 954129, *10 (E.D. Pa. Mar. 27, 2007); *Shiner v. Moriarity*, 706 A.2d 1228, 1239 (Pa. Super.), *appeal denied*, 729 A.2d 1130 (1998); *Pelagatti v. Cohen*, 536 A.2d 1337, 1343-44 (Pa. Super. 1987),  *appeal denied*, 548 A.2d 256 (Pa. 1988).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                          -88-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 78.**

### Synthes' Common Law Unfair Competition Claim Against Globus

Synthes asserts a common law unfair competition claim against Globus under Pennsylvania common law for inducing Synthes employees, including product designers and sales consultants, to leave Synthes' employ for the alleged purpose of destroying integral parts of Synthes by weakening its design and sales forces and to obtain Synthes' purported confidential and proprietary trade secret information. Globus denies these allegations and asserts that it: (1) lawfully hired former Synthes employees; and (2) sought to advance the legitimate business interests of Globus and not to cripple and destroy integral parts of Synthes.

Authority: Synthes Third Amended Complaint (Count VII) ¶¶ 100-105; Globus' Answer to Synthes Third Amended Complaint ¶¶ 100-105 and 40th Affirmative Defense.

**Proposed Instruction:**
Given          _____
Modified     _____
Refused      _____                    -89-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 79.**

## Common Law Unfair Competition Elements

One who causes harm to the commercial relations of another by engaging in a business or trade is not subject to liability to the other for such harm unless the harm results from acts or practices actionable as an unfair method of competition, taking into account the nature of the conduct and its likely effect on both the person seeking relief and the public.

"The common law of unfair competition stands vigil over the . . . rights of a business competitor to certain elements of fair play in the market in which he is involved."  This means that, "[a]s a general matter, if the means of competition are otherwise tortious with respect to the injured party (Synthes), they will also ordinarily constitute an unfair method of competition."

Specifically, in this case this means that Synthes must prove that Globus either misappropriated its trade secrets (Count II) or tortiously interfered with its contracts (Count VI). If Synthes fails to prove this by a preponderance of the evidence, you must find in favor of Globus on the unfair competition claim.

<u>Authority</u>: RESTATEMENT (THIRD) OF UNFAIR COMPETITION §1(a) (1995).

**Proposed Instruction:**
Given         _____
Modified    _____
Refused    _____                           -90-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 80.**

<u>**Common Law Unfair Competition - Freedom to Compete Elements**</u>

"Unfair competition" is not precisely defined but keep in mind that:

"[t]he freedom to engage in business and to compete for ...prospective customers is a fundamental premise of the free enterprise system.  Competition in the marketing of goods and services creates incentives to offer quality products at reasonable prices and fosters the general welfare by promoting the efficient allocation of economic resources."

<u>Authority</u>:  RESTATEMENT (THIRD) OF UNFAIR COMPETITION cmt. a § 1 (1995).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                -91-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 81.**

<u>**Raiding Key Employees - Essential Elements**</u>

<u>In this case</u> [Plaintiff] <u>Synthes</u> claims that [defendant] <u>Globus</u> committed acts and practices constituting [tortious interference with the employment relationships existing between [plaintiff] and [plaintiff's] [key employees],] <u>unfair competition by inducing Synthes employees to leave Synthes for the alleged purpose of destroying integral parts of Synthes by weakening its design and sales forces and to obtain Synthes' purported trade secret information.</u>  [t]The burden is on [plaintiff] <u>Synthes</u> to prove each of the following elements by a preponderance of the evidence:

One: [defendant] <u>Globus</u> enticed or induced employees to leave [plaintiff] <u>Synthes'</u> employ;

Two: [defendant] <u>Globus</u> committed such acts with the wrongful intent to <u>cripple and destroy</u> [injure or destroy ][plaintiff] <u>Synthes'</u> business; and

Three: <u>These acts are a factual cause of any injury that Synthes suffered</u> [plaintiff suffered injury or damage in its business as a proximate result of defendant's act or acts.]

It is not unlawful or improper, standing alone, to hire away another's employee so long as the person carrying away that employee wants to use the employee's services in advancing that person's own business rather than with the intent of destroying the other employer's business.

**Proposed Instruction:**
Given          _____
Modified       _____
Refused        _____          -92-

This is true regardless of how much the loss of the employee may inconvenience the employee's former employer.

The mere fact that one's activity has injured another in the other's business does not mean that the latter may recover because, in a free enterprise system, a business is obliged to suffer a loss resulting from lawful competition, including competition for the services of skilled employees. If the means of competition are fair, the advantage gained should remain where success has put it.

The theory of the tort or wrong of interference is that the law draws a line beyond which no one may go in intentionally intermeddling with the business affairs of others. So, a systematic effort to induce employees to leave their present employment and take work with another is unlawful when the purpose of such enticement is to cripple or destroy their employer rather than to obtain their skills and services in the legitimate furtherance of one's own business enterprise.

In addition, the inducement becomes unlawful when it is made through the use of unlawful or untruthful means, or for the purpose of having the employees commit wrongs such as disclosing the former employer's trade secrets.

If Synthes fails to prove any one of these three elements, then you must find in favor of Globus on Synthes' common law unfair competition claim.

**Proposed Instruction:**
Given     _____
Modified   _____
Refused    _____        -93-

Authority:  Modified from 3 O'Malley, Grenig, Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 127.02 (5th ed. 2000); *see also* PENNSYLVANIA SUGGESTED STANDARD CIVIL JURY INSTRUCTIONS § 1.42 (3rd ed. 2005).

**Proposed Instruction:**
Given      _____
Modified   _____
Refused    _____                -94-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 82.**

## Common Law Unfair Competition - Award of Damages

Only if you find that Synthes proved by a preponderance of the evidence each element of

a common law unfair competition claim, should you consider the amount of damages to

compensate Synthes for the damages it allegedly suffered, if any.   It is Synthes burden to

establish the appropriate amount of such damages with "reasonable certainty," and not upon

speculation or conjecture.  If Synthes has not met this burden, then you cannot award Synthes any

damages for this claim.

Authority:  *See generally Delahanty v. First Pa. Bank,* 464 A.2d 1243, 1257-58 (Pa. Super.

1983).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                    -95-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 83.**

## Synthes' Breach of Fiduciary Duty Claim

Synthes asserts a breach of fiduciary duty claim against Paul and Kienzle under Pennsylvania common law based upon Paul's and Kienzle's alleged misappropriation of Synthes' purported confidential and proprietary information so that Globus, Paul and Kienzle could benefit from the use of such information.

Paul and Kienzle deny these allegation because they deny that: (1) they misappropriated any confidential and proprietary information of Synthes; and (2) they breached any fiduciary duty owed to Synthes during their employment with Synthes.

Authority: Synthes Third Amended Complaint (Count VIII) ¶¶ 106-112; Globus' Answer to Synthes Third Amended Complaint ¶¶ 106-112 and 41st and 42nd Affirmative Defenses.

**Proposed Instruction:**
Given      _____
Modified   _____
Refused    _____                    -96-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 84.**

### Breach of Fiduciary Duty - Elements of the Cause of Action

An <u>employee</u> [agent] is required to act with the utmost good faith in carrying out the interests of his or her <u>employer</u> [principal]. The <u>employee</u> [agent] violates that duty when he or she has a personal interest in the dealings that might affect his or her judgment or fails to act only for the <u>employer</u>'s [principal's] benefit. An <u>employee</u> [agent] is required to use reasonable care in carrying out his or her duties.

To award damages to [the plaintiff in this action] <u>Synthes on its breach of fiduciary duty claim against Paul and Kienzle</u>, you must find that [the plaintiff] <u>Synthes</u> has demonstrated by the fair weight of the evidence:

a. that [the defendant] <u>Paul and Kienzle</u> negligently or intentionally failed to act in good faith and solely for the benefit of the [plaintiff] <u>Synthes</u> in all matters for which [he was] <u>they were</u> employed [negligently or intentionally failed to use reasonable care in carrying out [his] [her] duties];

b. that [the plaintiff] <u>Synthes</u> suffered injury; and

c. that [the agent's] <u>Paul and Kienzle's</u> failure to act solely for [the plaintiff's] <u>Synthes'</u> benefit [to use the skill and knowledge demanded of [him] [her] by law] was a real factor in bringing about [the plaintiff's] <u>Synthes'</u> injuries.

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                    -97-

<u>Authority</u>: Modified from PENNSYLVANIA SUGGESTED STANDARD CIVIL JURY INSTRUCTIONS §

4.16 (3rd ed. 2005).

**Proposed Instruction:**
Given         _____
Modified      _____
Refused       _____                    -98-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 85.**

### Fiduciary Duty Exists Only While Employed With a Particular Employer

Keep in mind that the fiduciary duties of employees-at-will to their employer exists only while employed. An "employee-at-will" is one who can terminate the employment relationship or be terminated for any or no reason. This means that any fiduciary duty to a particular employer ends when an employees-at-will leaves the employ of that employer and does not extend to the time when they are unemployed or employed with another company.

In this case, all of the former Synthes employees who now work for Globus, including both Paul and Kienzle, were employees-at-will when they worked for Synthes. Therefore, their fiduciary duty to Synthes ended on their last day of employment with Synthes.

Authority: *Patient Transfer Sys., Inc. v. Patient Handling Solutions, Inc.*, No. 2001 WL 936641, *15 (E.D. Pa. Aug. 16, 2001); *Spring Steels, Inc. v. Molloy*, 162 A.2d 370 (Pa. 1960).

**Proposed Instruction:**
Given        _____
Modified   _____
Refused     _____                    -99-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 86.**

## Breach of Fiduciary Duty - Preparations to Compete Are Lawful

"[U]nder the law of Pennsylvania[,] employees at will do not breach a fiduciary duty to the[ir] employer by making preparations to compete upon termination of employment provided the[y] do[] not use the confidential information of [their] employer, solicit the customers of his employer, or otherwise engage in conduct directly damaging his employer during the period of employment."

Whether Paul and Kienzle secretly prepared to leave Synthes or encouraged other Synthes employees to join Globus is not unlawful conduct since they were entitled to make arrangements to compete with Synthes. Therefore, even if you find that Paul and Kienzle made preparations to start Globus while they worked for Synthes, if they did so without directly damaging Synthes by using Synthes' confidential information or soliciting its customers, then you must find in favor of Paul and Kienzle on the breach of fiduciary duty claim.

Authority: *United Aircraft Corp. v. Boreen*, 413 F.2d 694, 700 (3d Cir. 1969); *Patient Transfer Sys., Inc. v. Patient Handling Solutions, Inc.*, No. 2001 WL 936641, *15 (E.D. Pa. Aug. 16, 2001) (citing *Oestreich v. Environ. Inks and Coatings Corp.*, No. 89-CV-8907, 1990 WL 210599, *6 (E.D. Pa. Dec. 17, 1990) and *Spring Steels, Inc. v. Molloy*, 162 A.2d 370 (Pa. 1960)).

**Proposed Instruction:**
Given      _____
Modified   _____
Refused    _____                          -100-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 87.**

### Breach of Fiduciary Duty - Injury Suffered by the Breach

If Synthes has proved by a preponderance of the evidence that Paul and Kienzle breached some fiduciary duty to Synthes while they were employed at Synthes, you must determine whether Synthes also proved by a preponderance of the evidence that the breach was a factual cause of any injury suffered by Synthes.

If Synthes did not prove that it suffered such an injury, you must find in favor of Paul and Kienzle.

Authority:  *N3 Oceanic, Inc. v. Shields*, No. 06-CV-1304, slip op., 2006 Wl 2433731, *9 (E.D. Pa. Aug. 21, 2006); *Coyne Int'l Enters. v. Taylor*, No. 03-CV-2402, 2004 WL 1803271, *7 (E.D. Pa. Aug. 11, 2004); *accord Huber v. Taylor*, No. 02-CV-304, slip op., 2007 WL 1247117, *6 (W.D. Pa. Apr. 27, 2007); PENNSYLVANIA SUGGESTED STANDARD CIVIL JURY INSTRUCTIONS § 4.18 (3rd ed. 2005).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                          -101-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 88.**

### Breach of Fiduciary Duty - Damages

If you find that Synthes has proven by a preponderance of the evidence all of the elements of a breach of fiduciary claim, it is only able to recover damages from the date of the breach until the date Paul and Kienzle resigned.

This means that if you find that a breach of fiduciary duty occurred, for example, one week before Paul or Kienzle resigned from Synthes, then Synthes would only be entitled to damages for that week.

Authority:   *United Aircraft Corp. v. Boreen*, 413 F.2d 694, 700 (3d Cir. 1969); *Patient Transfer Sys., Inc. v. Patient Handling Solutions, Inc.*, No. 2001 WL 936641, *15 (E.D. Pa. Aug. 16, 2001); *Spring Steels, Inc. v. Malloy*, 162 A.2d 370 (Pa. 1960).

**Proposed Instruction:**
Given        _____
Modified    _____
Refused     _____                        -102-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 89.**

### Synthes' Claim for Aiding and Abetting Breach of Fiduciary Duty

Synthes asserts an aiding and abetting breach of fiduciary duty claim against Globus, Paul, and Kienzle for allegedly rendering "substantial assistance and encouragement" to Synthes' employees to breach their fiduciary duties by, among other things, disclosing purported confidential and proprietary information and diverting business opportunities from Synthes.

Globus, Paul and Kienzle deny the allegations of this claim and assert they: (1) have never engaged in any conduct which aided or abetted any former Synthes employee to breach any of his or her alleged fiduciary duties owed to Synthes; (2) have never had knowledge that any former Synthes employee breached his or her alleged fiduciary duties owed to Synthes; (3) have never rendered substantial assistance or encouragement of any kind to any former or current Synthes employee to breach his or her alleged fiduciary duties owed to Synthes by misappropriating confidential or proprietary information of Synthes, disclosing confidential or proprietary information of Synthes, wrongfully diverting business or business opportunities from Synthes, or in any other way; (4)  have never engaged in any conduct which aided or abetted any former Synthes employee to breach his or her restrictive covenant with Synthes; (5) have never had any knowledge that any former Synthes employee breached his or her restrictive covenant with Synthes; (6) have never rendered substantial assistance or encouragement of any kind to any

**Proposed Instruction:**
Given _____
Modified _____
Refused _____                          -103-

former Synthes employee to breach his or her his or her restrictive covenant with Synthes; and

(7)  were never knowing participants in any alleged breach of fiduciary duty owed to Synthes.

Authority:  Synthes' Third Amended Complaint (Count IX) ¶¶ 113-118; Globus Answer to

Synthes Third Amended Complaint ¶¶ 113-118 and 43rd-49th Affirmative Defenses.

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                    -104-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 90.**

**Elements of An Aiding and Abetting Breach of Fiduciary Duty Claim**

The elements of a claim for aiding and abetting breach of a fiduciary duty under Pennsylvania law are: (1) a breach of a fiduciary duty owed to another; (2) knowledge of the breach by the aider and abettor; and (3) substantial assistance or encouragement by the aider and abettor in effecting that breach.

It is Synthes' burden to prove by a preponderance of the evidence all three elements of this claim.  If Synthes fails to prove any one of these elements, then you must find in favor of Globus, Paul, and Kienzle on this claim.

Authority:  *Koken v. Steinberg*, 825 A.2d 723, 732 (Pa. Commw. 2003).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                          -105-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 91.**

## Aiding and Abetting Breach of Fiduciary Duty - Is a Derivative Claim

An aiding and abetting breach of a fiduciary duty claim is a derivative claim, meaning that Synthes must first prove by a preponderance of the evidence that a breach of a fiduciary duty owed to Synthes actually occurred.  In making this assessment you must be guided by the jury instructions that I gave you earlier concerning what constitutes a successful breach of fiduciary duty claim.  Before you can even consider whether Globus, Paul, and Kienzle aided and abetted any breach of fiduciary duty, you must first determine that Synthes proved that a breach of fiduciary duty occurred.  If Synthes fails to prove any one of the elements of an underlying breach of fiduciary duty, then you must find in favor of Globus on the aiding and abetting claim.

Authority:  *Koken v. Steinberg*, 825 A.2d 723, 732 (Pa. Commw. 2003).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                    -106-

**GLOBUS' PROPOSED JURY INSTRUCTION NO.  92.**

### Aiding and Abetting Breach of Fiduciary Duty - Damages

If Synthes has proven by a preponderance of the evidence that Globus aided and abetted a breach of fiduciary duty to Synthes, you must determine whether Synthes also proved by a preponderance of the evidence that the aiding and abetting the breach was a factual cause of any injury suffered by Synthes.

It is Synthes burden to establish the appropriate amount of such injury with "reasonable certainty" and not using speculation or conjecture.

Authority: *See generally* Pennsylvania Suggested Standard Civil Jury Instructions § 4.18 (3rd ed. 2005); *Delahanty v. First Pa. Bank*, 464 A.2d 1243, 1257-58 (Pa. Super. 1983).

**Proposed Instruction:**
Given       _____
Modified    _____
Refused     _____                    -107-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 93.**

### Synthes' Civil Conspiracy Claim

Synthes asserts a claim against Globus, Paul and Kienzle for civil conspiracy under Pennsylvania common law.  Globus, Paul, and Kienzle deny that they were engaged in any civil conspiracy.

Authority:  Synthes' Third Amended Complaint (Count III) ¶¶ 70-76; Globus Answer to Synthes Third Amended Complaint ¶¶ 70-76 and 23rd-25th Affirmative Defenses.

**Proposed Instruction:**
Given        _____
Modified    _____
Refused     _____                    -108-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 94.**

<u>**Elements of a Civil Conspiracy Claim**</u>

A civil conspiracy is a secondary claim, which means that it can only be successful if you enter a verdict in favor of Synthes on Counts I, II, IV, V, VI, VII, VIII and IX of the Third Amended Complaint. Even if Synthes has proven one of these claims, it then must prove each element of the following elements of a civil conspiracy claim: "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage."

If Synthes fails to prove any one of these elements, you must find in favor of Globus, Paul and Kienzle on the civil conspiracy claim.

<u>Authority</u>: *General Refrac. Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 313 (3d Cir. 2003); *accord Haymond v. Haymond*, No. 99-CV-5048, 2001 WL 74630, *2 (E.D. Pa. Jan. 29, 2001), *aff'd, Lundy v. Hochberg*, 79 Fed. Appx. 503 (3d Cir. 2003); *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super. 2004).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                    -109-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 95.**

<u>Civil Conspiracy Burden of Proof</u>

Civil conspiracy can only be proved by "full, clear and convincing evidence," which is a higher standard than a preponderance of the evidence that we have talked about earlier. Synthes must prove each element of its civil conspiracy claim by this heightened evidentiary standard. If Synthes has failed to prove any one of these elements by clear and convincing evidence then you must enter a verdict in favor of Globus, Paul, and Kienzle on Synthes' civil conspiracy claim.

<u>Authority</u>: *Haymond v. Haymond*, No. 99-CV-5048, 2001 WL 74630, *2 (E.D. Pa. Jan. 29, 2001) (citing *Fife v. Great Atlantic & Pacific Tea Co.*, 52 A.2d 24, 27 (Pa.), *cert. denied*, 332 U.S. 778, *reh'g denied*, 332 U.S. 821 (1947)) *aff'd*, *Lundy v. Hochberg*, 79 Fed. Appx. 503 (3d Cir. 2003).

**Proposed Instruction:**
Given     _____
Modified   _____
Refused    _____            -110-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 96.**

### Civil Conspiracy - Intent and Awareness Requirements

In order to prove a civil conspiracy, Synthes is also required to prove by clear and convincing evidence that each alleged conspirator had the intent to act unlawfully and was aware of such an intent by the other alleged co-conspirators.  If Synthes has failed to prove such intent and awareness, you must find in favor of Globus, Paul, and Kienzle on the civil conspiracy claim.

Authority:  *Haymond v. Haymond*, No. 99-CV-5048, 2001 WL 74630, *2 (E.D. Pa. Jan. 29, 2001) (citing *Fife v. Great Atlantic & Pacific Tea Co.*, 52 A.2d 24, 27 (Pa.), *cert. denied*, 332 U.S. 778, *reh'g denied*, 332 U.S. 821 (1947)) *aff'd*, *Lundy v. Hochberg*, 79 Fed. Appx. 503 (3d Cir. 2003).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                    -111-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 97.**

### Civil Conspiracy - Malice Requirement

Additionally, a finding of civil conspiracy requires proof of malice, which is an intent to injure.  In other words, if you find that Globus, Paul, and Kienzle acted to advance their own lawful business interests, rather than solely to destroy Synthes business, then you must find in favor of Globus.

Authority:  *Agra Enters., Inc. v. Brunozzi*, 448 A.2d 579, 583 (Pa. Super. 1982) (citing *Rosenblum v. Rosenblum*, 181 A 583 (Pa. 1935)).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____              -112-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 98.**

## Civil Conspiracy - Overt Act

"An 'overt act,' as the term is used in civil conspiracy proceedings, is something apart from a conspiracy, and is an act which must accompany or follow the agreement and must be done in furtherance of, and designed to carry out, the purpose or object of a conspiracy. Generally such act is either illegal or tainted with elements of deceit, trickery, or chicanery.  A person who innocently performs an act that happens to fortuitously further the tortious purpose of another is not liable under a theory of civil conspiracy."

If Synthes failed to prove by clear and convincing evidence such an overt act,, you must find in favor of Globus, Paul and Kienzle on the civil conspiracy claim.

Authority:  15A C.J.S. § 6 (Thomson\West database updated June 2007).

**Proposed Instruction:**
Given      _____
Modified   _____
Refused    _____                    -113-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 99.**

## Civil Conspiracy - Underlying Tort Predicate

As mentioned earlier, Synthes must prove a separate underlying tort as a predicate for civil conspiracy liability. This is because "a civil conspiracy claim may not be used to make actionable conduct that, on its own, is not actionable." Therefore, unless Synthes prevails on at least one of its other claims, you must find in favor of Globus, Paul, and Kienzle on this claim.

Authority: *Haymond v. Haymond*, No. 99-CV-5048, 2001 WL 74630, *2 (E.D. Pa. Jan. 29, 2001) (citing *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 407 (3d Cir. 2000), *aff'd, Lundy v. Hochberg*, 79 Fed. Appx. 503 (3d Cir. 2003); *accord Pyle v. Meritor Sav. Bank*, Nos. 92-CV-7361 & 7362, 1996 WL 115048, *6 (E.D. Pa. Mar. 13, 1996); *Rutherfoord v. Presbyterian-University Hosp.*, 612 A.2d 500, 509 (Pa. Super. 1992).

**Proposed Instruction:**
Given      _____
Modified   _____
Refused    _____          -114-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 100.**

## Civil Conspiracy - Corporation Cannot Conspire With Itself

Finally, "a corporation cannot conspire with itself or its agents."

This means that Globus cannot legally conspire with its own employees, such as Paul and Kienzle, or with its agents, such as Globus' distributors and sales agents.

If you find that Synthes did not prove by clear and convincing evidence that Globus combined with non-Globus employees or agents, then you must find in favor of Globus on Synthes' civil conspiracy claim.

Authority:  *Mill Run Assocs. v. Locke Property Co., Inc.*, 282 F. Supp. 2d 278, 294 (E.D. Pa. 2003); *Lackner v. Glosser*, 892 A.2d 21, 35 (Pa. Super. 2006); *Kiesel v. Lehigh Valley Eye Center P.C.*, 79 Pa. D. & C.4th 432, 437 (C.P. Lehigh Apr. 28, 2006).

**Proposed Instruction:**
Given        _____
Modified   _____
Refused    _____                           -115-

**GLOBUS' PROPOSED JURY INSTRUCTION NO.  101.**

### Civil Conspiracy - Actual Legal Damages

If Synthes has proven a civil conspiracy by clear and convincing evidence, you must determine whether Synthes also proved that the conspiracy was a factual cause of any actual legal damage to Synthes.

If Synthes has not met this burden by clear and convincing evidence, then you must find in favor of Globus, Paul, and Kienzle on the civil conspiracy claim.

Authority:  PENNSYLVANIA SUGGESTED STANDARD CIVIL JURY INSTRUCTIONS § 1.42 (3rd ed. 2005).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                    -116-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 102.**

### Synthes' CFAA Claim

Synthes asserts a claim against Globus and Binder under the federal Computer Fraud and Abuse Act ("CFAA"), specifically, 18 U.S.C. § 1030(a)(4). Synthes alleges that Binder, while still employed by Synthes, exceeded the scope of his authorized access to Synthes computers, and downloaded information from Synthes' computers for use by Globus. As a result of such alleged conduct, Synthes claims it suffered a loss of more than $5,000. Globus and Binder deny these allegations and assert that: (1) this claim is barred by the applicable two-year statute of limitations, which expired prior to the time Synthes filed this claim; (2) Globus did not direct or encourage any alleged wrongdoing by Binder; (3) Binder did not exceed the scope of his authorized access in downloading certain information; (4) Binder did not download any information with an "intent to defraud" Synthes; (5) any information downloaded by Binder was not confidential or proprietary to Synthes; and (6) Synthes did not establish the loss of $5,000 as defined by the statute.

Authority: Synthes' Third Amended Complaint (Count IX) ¶¶ 47-50, 119-127; Globus Answer to Synthes Third Amended Complaint ¶¶ 47-50, 119-127 and 1st, 2nd, 5th, and 50th Affirmative Defenses.

**Proposed Instruction:**
Given    _____
Modified    _____
Refused    _____       -117-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 103.**

## CFAA - Statute of Limitations

"No action may be brought under [the CFAA, 18 U.S.C. § 1030,] unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage."

Authority: 18 U.S.C. § 1030(g).

**Proposed Instruction:**
Given      _____
Modified   _____
Refused    _____                    -118-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 104.**

## CFAA - Statute of Limitations - Federal Discovery Rule

Under the "federal discovery rule," a claim will accrue when the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim.

Therefore, if you find that Synthes did not bring this lawsuit within two years of the time that Synthes should have discovered using due diligence that Binder allegedly downloaded information from Synthes computers, you must find in favor of Globus.

Authority:  *Romero v. Allstate Corp.* 404 F.3d 212, 222 (3d Cir. 2005); *Ashcroft v. Randel*, 391 F. Supp. 2d 1214, 1220 & n.2 (N.D. Ga. 2005).

**Proposed Instruction:**
Given          _____
Modified       _____
Refused        _____                    -119-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 105.**

## CFAA - Statute of Limitations Expiration

Synthes asserted its CFAA claim on June 23, 2006.  If you find that Synthes discovered, or with due diligence should have discovered, that Binder allegedly downloaded the information on or before June 23, 2004, then you must enter a verdict in favor of Binder and Globus on the CFAA claim since the applicable two-year statute of limitations would have expired.

Authority: 18 U.S.C. § 1030(g); *Romero v. Allstate Corp.* 404 F.3d 212, 222 (3d Cir. 2005); *Ashcroft v. Randel*, 391 F. Supp. 2d 1214, 1220 & n.2 (N.D. Ga. 2005).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____              -120-

**GLOBUS' PROPOSED JURY INSTRUCTION NO.  106.**

<u>**Elements of Synthes' CFAA Claim**</u>

Synthes alleges that Binder and Globus violated § 1030(a)(4) of the CFAA, which

provides that whoever: " knowingly and with intent to defraud, accesses a protected computer

without authorization, or exceeds authorized access, and by means of such conduct furthers the

intended fraud and obtains anything of value, unless the object of the fraud and the thing

obtained consists only of the use of the computer and the value of such use is not more than

$5,000 in any 1-year period[.]"

<u>Authority:</u> 18 U.S.C. § 1030(a)(4).

**Proposed Instruction:**
Given          _____
Modified       _____
Refused        _____                  -121-

**GLOBUS' PROPOSED JURY INSTRUCTION NO.  107.**

## <u>CFAA Claim - No Vicarious Liability</u>

Vicarious liability holds a corporation liable for the acts of its agents.  There is no vicarious liability under the CFAA unless Globus, "affirmatively urged" Binder to violate the statute.  This means that Globus cannot be found liable for any conduct of Binder that allegedly violated the CFAA unless Synthes has established that Globus specifically "directed or encouraged" Binder to do so.

If you find that Synthes failed to established that Globus "affirmatively urged" or "directed or encouraged" Binder to commit a violation of the CFAA, then you must find in favor of Globus on the CFAA claim.

<u>Authority:</u> *Garland-Sash v. Lewis*, No. 05-CV-6827, 2007 WL 935013, *4 (S.D.N.Y. Mar. 26, 2007); *Butera & Andrews v. Int'l Bus. Machs. Corp.*, 456 F. Supp. 2d 104, 112 (D.D.C. 2006); *Role Models Am., Inc. v. Jones*, 305 F. Supp. 2d 564, 567-68 (D. Md. 2004).

**Proposed Instruction:**
Given          _____
Modified      _____
Refused       _____                    -122-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 108.**

<u>**CFAA Claim - Authorized Access**</u>

You must decide whether Synthes has proved by the higher burden of clear and convincing evidence that Binder exceed the scope of his authorized access in downloading certain information from Synthes.  If you find that Binder was permitted access to the information that he downloaded from his workstation as a function of his employment at Synthes, then you must find that he was not without authorization and did not exceed his access to the information.

If you find that Synthes has not proven that Binder went beyond the permitted access granted to him by Synthes, then you must find in favor of Binder and Globus on the CFAA claim.

<u>Authority</u>:  *Lockheed Martin Corp. v. Speed*, No. 05-CV-1589; 2006 WL 2683058, *5 (M.D. Fla. Aug. 1, 2006), *recon. denied*, No. 605-CV-1580-ORL-31KRS, 2007 WL 569994 (M.D. Fla. Feb. 20, 2007); 18 U.S.C. § 1030(a)(4).

**Proposed Instruction:**
Given         _____
Modified      _____
Refused       _____                    -123-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 109.**

## CFAA Claim - Intent to Defraud

You must decide whether Synthes has proved by clear and convincing evidence that Binder downloaded information while at Synthes with an "intent to defraud." If you find that Synthes has not established that Binder had an intent to defraud, then you must enter a verdict in favor of Binder and Globus on the CFAA claim.

Authority:  18 U.S.C. § 1030(a)(4).

**Proposed Instruction:**
Given        _____
Modified   _____
Refused    _____                      -124-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 110.**

**CFAA Claim - Confidential and Proprietary Information of Synthes**

Additionally, if you find that Synthes did not prove by clear and convincing evidence that the information downloaded by Binder was confidential or proprietary to Synthes, then Synthes' CFAA claim against Binder and Globus cannot succeed and you must find in favor of Binder and Globus on this claim.

Authority:  Synthes' Third Amended Complaint (Count IX) ¶¶ 47-50,119-127.

**Proposed Instruction:**
Given          _____
Modified    _____
Refused      _____                    -125-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 111.**

**<u>Elements of Synthes' CFAA Claim - Loss Required</u>**

In order to proceed with a civil action under § 1030(a)(4) of the CFAA, Synthes must establish by clear and convincing evidence that it suffered a "loss ..... aggregating at least $5,000 in value" during any one year period.

<u>Authority</u>:  18 U.S.C. § 1030(a)(5)(B)(i).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                    -126-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 112.**

## Elements of Synthes' CFAA Claim - Loss Defined

The term 'loss' means any reasonable cost, including any costs related to response, damage assessment, data or other information restoration, and any revenue lost or cost incurred or consequential damages incurred because of interruption of service.

The term "damage" means "any impairment to the integrity or availability of data, a program, a system, or information[.]"

Authority:  18 U.S.C. § 1030(e)(8) and (11).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                    -127-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 113.**

## CFAA Claim - Loss Must Be Related to the Computer

Any "loss" under the CFAA must be related to the computer itself.  Therefore, "loss" is not revenue lost due to any later use of the information or lost business resulting from any later use of the information.

If you find that Synthes has not proved by by clear and convincing evidence a loss related to the computer itself, you must find in favor of Binder and Globus on the CFAA claim.

Authority:  *Nexans Wires S.A. v. Sark-USA, Inc.*, 319 F. Supp.2d 468, 479 (S.D.N.Y. 2004); *Register.com, Inc. v. Verio, Inc.*, 126 F. Supp.2d 238, 252 n.12 (S.D.N.Y. 2000), *aff'd*, 356 F.3d 393 (2d Cir. 2004).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                    -128-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 114.**

## CFAA Claim - Dollar Amount of Loss

Keep in mind that any loss related to the computer itself must amount to at least $5,000 in a one-year period.

If you find that Synthes has not established such a "loss" amounting to at least $5,000 in any one-year period, then you must find in favor of Binder and Globus on Synthes' CFAA claim.

Authority:  18 U.S.C. § 1030(a)(5)(B)(i); 18 U.S.C. § 1030(e)(8) and (11).

**Proposed Instruction:**
Given        _____
Modified   _____
Refused    _____                    -129-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 115.**

<u>**Punitive Damages - Amount of Award**</u>

On some of the claims in this case, Synthes is seeking punitive damages under its theories of misappropriation of trade secrets, civil conspiracy, tortious interference with contract, and common law unfair competition.

Punitive damages "can be awarded only for conduct for which this remedy is appropriate – which is to say, conduct involving some element of outrage similar to that usually found in crime." "Outrageous or extreme conduct has been defined as conduct that is "so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society." Put another way, punitive damages are available only for conduct that is "outrageous, because of the defendant's evil motive or his reckless indifference to others."

If you find that Synthes fails to prove such conduct on the part of Globus, Paul, and Kienzle, then you must not enter an award of punitive damages.

Authority: *Swisher v. Pitz*, 868 A.2d 1228, 1230-31 (Pa. Super. 2005) (citing *Hoy v. Angelone*, 720 A.2d 745, 753-54 n. 10 (1998)); *Klein v. National R.R. Passenger Corp.*, No. Civ.A. 04-955, 2006 WL 859442, *10 (E.D. Pa. Mar. 31, 2006) (Stengel J.) (citing *Feld v. Merriam*, 485 A.2d 742, 747-48 (Pa. 1984) and RESTATEMENT (SECOND) OF TORTS SECTION 908(2)).

**Proposed Instruction:**
Given       _____
Modified    _____
Refused     _____                            -130-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 116.**

### No Harm, Damage or Loss to Synthes - Adverse Inference

Synthes has asserted that it is not seeking damages in the form of its lost profits in this case. Synthes also did not produce to Defendants any financial information related to its lost sales or profits before the deadline for producing such information expired in this case.

Therefore, Synthes cannot prove as a matter of law that: (1) Globus' alleged Lanham Act violations were the proximate cause of any injury, harm, loss or damage to Synthes; (2) Defendants' alleged Pennsylvania common law misconduct (i.e., misappropriation of trade secrets, civil conspiracy, breach of contract, tortious interference with contract, unfair competition, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty) was a factual cause of any injury, harm, loss or damages to Synthes; and (3) that Globus' and Binder's alleged CFAA violation was not the proximate cause of any injury, harm, loss or damage to Synthes.

Moreover, since Synthes' financial information related to its lost sales or profits is evidence that is under Synthes' control and reasonably available to Synthes, then you may infer that such evidence is unfavorable to Synthes' claims in this case.

Authority:  3 O'Malley, Grenig, Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 104.26 (5th ed. 2000) (Failure to Produce Available Evidence); *Id.* § 120.60 ("Proximate Cause" - Defined); PENNSYLVANIA SUGGESTED STANDARD CIVIL JURY INSTRUCTIONS § 1.42 (3rd ed. 2005) (Burden

**Proposed Instruction:**
Given      _____
Modified   _____
Refused    _____                        -131-

of Proof - Civil Cases); *see also* Defendants' Motion for Summary Judgment as to Counts I-IX of

Plaintiffs' Third Amended Complaint (D.E. # 208).

**Proposed Instruction:**
Given          _____
Modified       _____
Refused        _____                          -132-

**GLOBUS' PROPOSED JURY INSTRUCTION NO. 117.**

## Declaratory Judgment Verdict

If Synthes failed to prove by a preponderance of the evidence that Kienzle breached any contract with Synthes as set forth in Count V of Synthes' Third Amended Complaint, then you must find in favor of Counterclaim Plaintiffs Globus and Kienzle on Counterclaims V, VI, and VIII: Declaratory Judgment on Non-Competition Agreement (Counterclaim Count V), Declaratory Judgment on Second Non-Competition Agreement (Counterclaim Count VI), Declaratory Judgment on Non-Disclosure Agreement (Counterclaim Count VIII).

If Synthes failed to prove by a preponderance of the evidence that Paul breached a non-disclosure agreement with Synthes as set forth in Count IV of Synthes' Third Amended Complaint, then you must find in favor of Counterclaim Plaintiffs Globus and Paul on Counterclaim VII: Declaratory Judgment on Non-Disclosure Agreement.

If Synthes failed to prove by a preponderance of the evidence that Globus, Paul, and Kienzle misappropriated any Synthes trade secret as set forth in Count II of Synthes' Third Amended Complaint, then you must find in favor of Counterclaim Plaintiffs Globus, Paul, and Kienzle on Counterclaim IX: Declaratory Judgment - Trade Secrets.

If Synthes failed to prove by a preponderance of the evidence that Globus violated the Lanham Act, 15 U.S.C. § 1125(a), as set forth in Count I of Synthes' Third Amended Complaint, then you must find in favor of Counterclaim Plaintiff Globus on Counterclaim X: Declaratory Judgment - Lanham Act.

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                    -133-

If Synthes failed to prove by a preponderance of the evidence that Globus interfered with a contract between Synthes and Kienzle, Rhoda, or Boyer as set forth in Count VI of Synthes' Third Amended Complaint then you must find in favor of Counterclaim Plaintiff Globus on Counterclaim XI: Declaratory Judgment - Tortious Interference with Contract.

If Synthes failed to prove by a preponderance of the evidence that Paul or Kienzle breached any fiduciary duty to Synthes as set forth in Count VIII of Synthes' Third Amended Complaint, then you must find in favor of Counterclaim Plaintiffs Paul and Kienzle on Counterclaim XII: Declaratory Judgment - Breach of Fiduciary Duty.

If Synthes failed to prove by a preponderance of the evidence that Globus, Paul, or Kienzle aided and abetted the breach of any fiduciary duty to Synthes as set forth in Count IX of Synthes' Third Amended Complaint, then you must find in favor of Counterclaim Plaintiffs Globus, Paul, and Kienzle on Counterclaim XIII: Declaratory Judgment - Aiding and Abetting Breach of Fiduciary Duty.

Authority: Defendants' Answer, Affirmative Defenses and Counterclaims to Synthes' Third Amended Complaint (D.E. # 144).

**Proposed Instruction:**
Given        _____
Modified     _____
Refused      _____                    -134-

## CERTIFICATE OF SERVICE

This is to hereby certify that on this 16th day of July 2007, I caused a true and correct copy

of the foregoing Defendants' Proposed Jury Instructions were served, *via* electronic case filing,

upon the following:

Diane Siegel Danoff, Esquire
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2857

Anthony B. Haller, Esq.
**BLANK ROME**
One Logan Square
Philadelphia, PA   19103

_/s/ Frederick A. Tecce_____
Frederick A. Tecce